■ BARBARA BYCZEK, Appellant, v CITY OF NEW YORK DEPARTMENT OF PARKS et al., Respondents. — In a negligence action to recover damages for personal injuries, the plaintiff appeals (on the ground of inadequacy) from a judgment of the Supreme Court, Queens County, dated February 14, 1980, which was in the plaintiff's favor in the sum of $1,150, after a jury trial. Judgment reversed, on the law, with costs payable by respondent, City of New York, and new trial granted, on the issue of damages only. The Trial Judge committed reversible error by refusing to permit the plaintiff to call as an expert medical witness, a Dr. Robert Sherman. The basis of his ruling was that rule 672.8 of the rules of this court (22 NYCRR 672.8) precluded Dr. Sherman's testimony since the defendants were not served with his medical reports within 30 days of the trial. However, since according to representations made by counsel for plaintiff, Dr. Sherman never examined or treated the plaintiff, but was to testify as an expert on the basis of the records in evidence, this requirement of rule 672.8 does not apply (see *Edelman v Holmes Private Ambulances,* 32 AD2d 563; *Smith v Schulman,* 28 AD2d 922). In addition, it was reversible error for the Trial Justice to have given a "missing witness" charge to the jury concerning the failure of the plaintiff to call her treating physician, Dr. Robert Duca. Plaintiff's attorney explained to the court that when he first contacted Dr. Duca, he was on vacation. Then, when the doctor was contacted during the trial to come to court and testify, he stated that he had scheduled surgery and could not testify at that time. When counsel asked for a continuance of one week, the court denied his request. While under the circumstances of this case, it was not improper for the court to refuse to grant the continuance since this

would have been the fourth one, it was improper for the court to instruct the jury that it could draw an unfavorable inference by plaintiff's failure to call Dr. Duca if it found that her explanation for not calling him was unreasonable. The law is clear that a trial court does not have to leave it up to the jury to determine if a party's explanation for not calling a witness is sufficient. Rather, the court may make that determination on its own (see *People v Rodriguez,* 38 NY2d 95, 101). In view of our determination, we do not pass on the question of the propriety of the jury's assessment of damages. The Trial Judge did not err in refusing to permit plaintiff to adopt the city's expert, Dr. Knox, as her own witness. Dr. Knox was called by the city and to have permitted him to testify for the plaintiff would have placed him in the position of working for both sides (see *Gugliano v Levi,* 24 AD2d 591; cf. *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 27-28). Damiani, J.P., Gibbons, Gulotta and Thompson, JJ., concur.