■ PATRICIA KASTNER, Respondent, v F. RODRIQUEZ, JR., et al., Appellants, et al., Defendant, and ALBERT ROBERT et al., Respondents. KEN CHENG, Third-Party Plaintiff, v ANGELO MALFITANO et al., Third-Party Defendants. — Judgment of the Supreme Court, Bronx County (Rosenbloom, J.), entered on October 1, 1981, which, following a jury trial, awarded the plaintiff $250,000, with costs and interest, is unanimously reversed, on the law, to the extent appealed from and a new trial directed on the issue of damages only, without costs or disbursements. This case arises out of an accident which occurred on July 6, 1976 at approximately 4:30 P.M. when the plaintiff-respondent, Patricia Kastner, then 20 years old, was being transported from her job at the Department of Health, Education and Welfare to her home in The Bronx. As the result of a congenital disease producing paralysis in the lower legs, the plaintiff had to be driven to and from her place of employment. During the incident at issue, the car in which she was a passenger collided with another vehicle at the corner of Centre and Walker Streets in Manhattan. Although the plaintiff declined medical assistance at the scene, her mother subsequently took her to the emergency room at Bronx Lebanon Hospital. She was there overnight and then remained home from work the next two weeks. The hospital record describes Kastner's injury as being an undisplaced chip fracture of her nose. According to the plaintiff's testimony at trial, since the accident she has experienced frequent headaches and nose bleeds, as well as severe pain in her lower back and legs. She also claimed to have suffered psychological damage, thereby causing her to curtail substantially her social activities and engendering fear upon entering an automobile. There was a conflict between the expert medical witnesses as to whether the ailments complained of by Kastner were related to the collision. However, the jury, apparently believing the testimony introduced by the plaintiff, found the defendants liable and assessed damages in the amount of $250,000, plus interest and costs. On appeal, the defendants do not challenge the finding of liability but dispute only the damages awarded. It is their contention that the trial court improperly admitted into evidence the testimony of the plaintiff's two medical experts. While both physicians had examined her a few days prior to trial, there was no compliance with the medical exchange rule prescribed in 22 NYCRR 660.11 (h). Nevertheless, the court permitted the doctors to testify but limited the inquiry to hypothetical questions posed by the plaintiff's counsel. Pursuant to 22 NYCRR 660.11 (h): "Unless an order to the contrary is made or unless the justice presiding at the trial in the interests of justice and upon a showing of good cause shall hold otherwise * * * no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged, nor will the court hear the testimony of any physicians whose medical reports have not been served as provided by this rule." In *Padilla v Damascus* (16 AD2d 71, 73), this court, in referring to the purposes underlying the medical exchange rule, has stated that: "Issues are narrowed, surprise avoided, pretrial dispositions by settlement or otherwise aided, the burdens of preparation lightened, the number of medical witnesses reduced." (Unlike the situation in *Byczek v City of New York Dept. of Parks* (81 AD2d 823), where the expert testimony was based solely upon the records in evidence and not upon any examination or treatment of the plaintiff, both of the physicians herein examined Kastner shortly before the commencement of trial. It is difficult to perceive how a doctor can divorce his or her answers to hypothetical questions from the medical exami-

nation performed on the plaintiff notwithstanding that doctor's possible claim to the contrary. At any rate, the mandate of 22 NYCRR 660.11 (h) is clear. The plaintiff may not circumvent imposition of the penalty authorized by the medical exchange rule for failure to comply therewith simply by the stratagem of substituting questions characterized as "hypothetical". The appropriate remedy for violation of the rule is exclusion of the entire expert testimony. Concur — Sandler, J. P., Carro, Asch, Milonas and Kassal, JJ.