■ LUCIE JANDT, Respondent, v JACOB ABELE, Appellant, et al., Defendant.—In an action to recover damages for personal injuries sustained in an automobile accident, defendant Jacob Abele appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Buell, J.), dated April 22, 1985, as, upon a jury verdict, is in favor of plaintiff and against him in the principal sum of $100,000.

Judgment reversed, insofar as appealed from, on the facts and as a matter of discretion, without costs or disbursements, and new trial granted on the issue of damages only, unless within 20 days after service upon plaintiff of a copy of the order to be made hereon, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict in her favor as against appellant to the principal sum of $65,000, and to entry of an amended judgment accordingly. In the event that plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, insofar as appealed from, without costs or disbursements.

This action arises from an automobile accident which oc-

curred on New York State Route 22 on April 4, 1983. The plaintiff was a passenger in the automobile operated by defendant Jacob Abele. Immediately following the accident, plaintiff spent five days in the hospital and was confined to her home for several weeks. Plaintiff's medical expenses amounted to approximately $2,100. She is 82 years of age, not employed outside the home, and claims no loss of earnings.

Plaintiff's injuries basically consisted of a fracture of the fibula in the right leg which required no casting, a hematoma and laceration of the forehead which required seven to eight stitches, and a cerebral concussion. Following her release from the hospital, plaintiff made only four accident-related visits to her physician. On the fourth visit she was regarded asymptomatic and discharged with respect to the injury in question. Plaintiff asserts that she continues to suffer leg pain, headaches and distress. As a result of her injury, she now uses a cane. Plaintiff's physician testified that her leg pain and headaches would most likely be permanent.

The amount of damages to be awarded for personal injuries is primarily a question of fact for the jury. However, where the verdict is contrary to the weight of the evidence, or where it is excessive, it may be set aside and a new trial granted (see, Senko v Fonda, 53 AD2d 638).

Under the circumstances here, the $100,000 verdict in favor of plaintiff and against appellant was excessive to the extent indicated.

Finally, we have reviewed defendant's contention that the trial court erred in permitting an expert medical witness to testify based on a review of the record and a hypothetical question posed to him by plaintiff's attorney, and find it to be without merit (see, Byczek v City of New York, 81 AD2d 823). Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.