■ HELEN WASHINGTON, Appellant, v 550 WEST 158TH STREET REALTY CORP. et al., Respondents.—Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered December 15, 1986 in favor of the defendants-respondents after a jury trial, in an action to recover damages for personal injuries, unanimously reversed, on the law, without costs, and the case is remanded for a new trial.

In an action for personal injuries sustained when a portion of plaintiff's bathroom ceiling, allegedly weakened by a long-standing leak, fell on plaintiff, the plaintiff appeals from a judgment in favor of the defendants-respondents entered upon a jury verdict.

In our opinion reversible error occurred when the trial court did not permit plaintiff's counsel to examine fully prior to cross-examination the report of a medical witness called on behalf of the respondents without any prior notice to plaintiff and without plaintiff having previously received his report.

The witness had examined plaintiff previously on behalf of other defendants in a separate action brought by plaintiff arising out of an event that occurred some time prior to the incident that gave rise to this lawsuit. The examination was conducted, however, after the events with which we are concerned. The testimony of this witness was clearly important. It not only rebutted as to damages the testimony of plaintiff's expert, but, in addition, in that part of his testimony describing the symptoms claimed by plaintiff and her responses to his questions, the witness gave testimony that could have been viewed by the jury as severely impairing plaintiff's credibility.

While we find appropriate the trial court's decision to permit the witness to testify although there had been no

previous notification to plaintiff nor any exchange as to him of medical reports, we think the circumstance of the witness being called without such prior notification made it particularly important that plaintiff's counsel be permitted to examine carefully the doctor's report prior to cross-examination.

Apparently disturbed, and justifiably so, by the delayed appearance of plaintiff's counsel on the morning of the testimony of this witness, the trial court treated with excessive literalness counsel's request for "one minute" to examine the report. The record is clear that counsel was directed to commence his cross-examination before he had read the entire report. In view of the importance of the testimony of this witness, which conceivably could have been decisive in the case, we think the failure to permit plaintiff's counsel to examine the entire report prior to cross-examination was reversible error.

In view of this conclusion, we think it unnecessary to consider the other issues raised on this appeal on behalf of plaintiff. Concur—Sandler, J. P., Sullivan, Carro, Milonas and Smith, JJ.