OPINION OF THE COURT
John A. Milano, J.
ISSUE
Can a court, pursuant to the provisions of CPLR 3101 (d) (1) (i) preclude the introduction of expert witness testimony if it *205 finds that there was an "intentional noncompliance” by the moving party in that the failure to give appropriate notice and disclosure was willful and deliberately calculated as a matter of strategy to throw the other parties off balance and obtain an undue advantage while the trial was in progress?
STATUTE
CPLR 3101 (a) (1) and (d) (1) (i) read in pertinent part:
"(a) * * * There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by:
"(1) a party, or the officer, director, member, agent or employee of a party * * *.
"(d) * * * Upon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify * * * the qualifications of each expert witness and a summary of the grounds for each expert’s opinion. However, where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert’s testimony at the trial solely on grounds of noncompliance with this paragraph. In that instance, upon motion of any party made before or at trial, or on its own initiative, the court may make whatever order may be just.”
FACTS
The above proceeding is a negligence action for personal injuries allegedly sustained by the plaintiff in regard to an accident on the Whitestone Expressway in Queens County on August 25, 1985 involving four automobiles. The action was commenced on February 27, 1986 in Supreme Court, Queens County. A preliminary conference was held in IAS Part 7 on January 22, 1987. A short-form order by the court, inter alia, directed that all discovery should be concluded by all the parties no later than June 15, 1987 and they were directed to furnish and exchange the names and addresses of witnesses to the occurrence within 30 days from the date of said order. The form paragraph in said short-form order directing the parties to furnish and exchange the names of expert witnesses expected to be called to testify and the substance of their testimony was blank. No provision or direction was made by *206 the court in this regard. On September 2, 1988, a jury having been selected, the attorneys for the respective parties appeared for a pretrial conference before the court in a last effort to resolve the controversy. Several months previously, the firm of Mazure, Director & Wilkins were substituted for Rezak & Bloom, former attorneys for the defendants, Hertz Corp. and Mitchell Slotnick. Negotiations having failed, the proceeding was set down for bifurcated trial by jury on September 6. In regard to the inevitable discussion between all the parties concerning any trial problems, exhibits, memorandums of law, etc., none of the attorneys for the respective parties herein advised the court or each other of any intention to introduce expert witness testimony during the first phase of this negligence jury trial. On September 9, the plaintiff rested his case. Thereupon, the defendants Hertz Corp. and Mitchell Slotnick, by their attorney, called a witness, one Norman Marcus, who revealed himself by his testimony to be an engineering consultant in transportation and an accident reconstruction expert. Thereupon objection was made on the record as to his right to proceed and give expert testimony, on the grounds that none of the other parties, prior to trial, had ever been notified of his identity or the substance of his testimony. On a question of apparent first impression, this court must now consider whether pursuant to the provisions of CPLR 3101 (d) (1) (i) the parties, Hertz Corp. and Mitchell Slotnick, should be precluded from introducing the expert’s testimony.
ANALYSIS
The objective of the statute (CPLR 3101) is to provide for a full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, in order to permit the parties to apprise themselves of the strength and weakness of their respective cases which may bring about a resolve and settlement of the issues at hand in order to prevent unfair surprise when the matter goes to trial. In regard to the short-form order approved by the Supreme Court in preliminary conference, the question of using an accident reconstruction expert was germane not only to the plaintiff but to the various defendants as well, the occurrence having been a four-car collision on a limited access roadway. In regard to the preliminary disclosure conference, it is inconceivable to this court that this matter had not been raised and discussed by the respective attorneys, a year and a *207 half prior to trial. The instant proceeding is not a malpractice case but a negligence action, where an expert is not required to either prove or defend. The identity of witnesses to the occurrence within 30 days had been ordered by the court but the form paragraph in regard to expert witnesses was left blank. It appears that such was the case because at that time, there was no intention on the part of Hertz Corp. and Mitchell Slotnick to produce an expert witness and the following supports such a conclusion by the court. The law firm of Mazure, Director & Wilkins had never participated in the preliminary disclosure conference in 1987, and in fact were newly substituted to represent Hertz and Slotnick. On or about September 1, 1988, one day before appearing for a preliminary trial conference with this court, said law firm retained the services of Norman Marcus as an accident reconstruction expert. No notice or disclosure was made to any of the respective parties nor was any motion or application made to this court for permission to introduce said expert testimony at the trial. Can this court exclude the expert’s testimony altogether? It can’t solely on grounds of noncompliance, if we look to the wording of the statute. But can the court exclude the testimony when it is faced not with a technical noncompliance but with deliberate and intentional noncompliance? (See, Siegel, 1987 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101-.29, 1988 Pocket Part, at 11.) Mr. Siegel comments that, "It may be a hard thing to establish though.” (Op. cit., at 11.) The transcript of the arguments, out of the presence of the jury, in pertinent part, reads as follows: (attorney for Hertz and Slotnick), "I believe that in this case having had no demand from any of the parties to disclose expert witnesses and the first two words of the statute is upon request, having not been asked by any of them to disclose an expert witness I chose to defend my client by taking that strategic advantage and not disclosing it because I felt that the law didn’t require it not being demanded of me and the court is quite correct and I never told them that I had an expert witness because them having not demanded that information from me I certainly didn’t feel that I had to volunteer it. * * * Now, the court is telling me had I responded it would be all right. I didn’t respond because I wasn’t asked”.
This court in interpreting CPLR 3101 (d) (1) (i) holds that under the above circumstances, the intentional and deliberate noncompliance of the statute precludes the defendants, Hertz *208 and Slotnick, from introducing expert testimony at the trial. The said defendants had the burden of coming forward and giving the appropriate notices, making disclosure and application to the court. Once the plaintiff had rested, it was too late to bring in expert witnesses to rebut the testimony of Mr. Marcus and the prejudice to the plaintiff and other defendants far outweighed any prejudice to the defendants, Hertz and Slotnick, where such witness was not indispensable to its defense.
CONCLUSION
Accordingly, the objection by the respective party defendants and plaintiff, permitting Mr. Marcus to give testimony as an expert witness in behalf of the defendants, Hertz Corp. and Mitchell Slotnick, is sustained and the said expert is precluded from giving any testimony in regard thereof.