OPINION OF THE COURT
Peter Tom, J.
The interesting issue raised in this motion is whether the medical report exchange rule pursuant to 22 NYCRR 202.17 (h) applies to reports of examinations conducted not for the purpose of litigation nor upon the request of the parties.
Defendant City of New York, in the instant motion, seeks to vacate the verdict of the jury which found the city negligent in causing plaintiffs injuries.
Plaintiff, a United States postal letter carrier, while sitting on the passenger side of the cab of a postal truck parked along *210 the curb of 44th Street heard a loud, crashing sound which sounded like an explosion. The roof of the cab then caved in striking plaintiff on the head. Plaintiff later learned that the headpiece of a city lamppost which contains the lighting mechanism fell and struck the top of the cab of the vehicle causing the roof to cave in. The lamppost was located on the sidewalk next to the truck. Plaintiff allegedly sustained head and neck injuries and brought this lawsuit against defendant.
At the trial, defendant did not contest the issue of liability but attempted to raise an issue as to the extent of plaintiff’s injuries.
Plaintiff testified that as a result of this accident he sustained serious injury which has restricted his physical activity and limited his daily working hours to five hours per day. He complains of persistent pain in his head, neck and shoulder area and has been assigned to clerical duty with the Postal Service after this accident. Plaintiff called different witnesses including his wife, co-workers and friends to substantiate his claim. Plaintiff’s treating physician, Doctor Stanley Liebowitz, also testified on plaintiff’s behalf. Doctor Liebowitz testified that plaintiff suffers from a postconcussion syndrome which left plaintiff with limited movement of the head and neck and diagnosed plaintiff’s condition to be permanent.
After plaintiff rested its case, defendant informed the court that it had only one witness whose identity defendant did not disclose to its adversary or the court until the day the witness was to testify.
The mysterious witness was the medical officer of the United States Postal Service, Doctor Anton G. Kovary, who conducted a physical examination of plaintiff on November 20, 1985 as a departmental procedure of the Postal Service. The examination was to determine whether plaintiff was physically able to return to an eight-hour-day work shift. Defendant’s attorney informed the court that the testimony of Doctor Kovary would contradict the finding of Doctor Liebowitz. Doctor Kovary was subpoenaed by defendant to testify on its behalf. Defendant’s entire defense would be based upon the testimony of this one witness.
The court then ascertained that defendant did not exchange the medical report of Doctor Kovary with plaintiff as required by 22 NYCRR 202.17 (h). It appears that defendant obtained a copy of Doctor Kovary’s medical report pursuant to a subpoena duces tecuni served upon the United States Postal *211 Service in September 1986. Defendant had in its possession the medical report for approximately lVi years and did not exchange the report with plaintiff nor inform plaintiff of its intention to subpoena Doctor Kovary to testify on its behalf. Defendant offers no valid reason why it failed to serve plaintiff a copy of the medical report.
Since defendant failed to comply with the requirement of 22 NYCRR 202.17 (h), the court did not permit the doctor to testify. Defendant offered no other evidence to rebut plaintiff’s claim of a serious and permanent injury.
The jury deliberated after the court’s jury charge which included the law principal of res ipsa loquitor, and rendered a verdict in favor of plaintiff in the amount of $150,000.
Defendant now moves to set aside the jury verdict and to reargue the court’s ruling in prohibiting Doctor Kovary from testifying at trial.
Defendant argues that since Doctor Kovary’s report was based on a physical examination conducted upon plaintiff pursuant to the procedure of the United States Postal Service and not upon the direction of either the plaintiff or defendant, nor conducted for the purpose of this litigation, the medical report exchange rule pursuant to 22 NYCRR 202.17 (h) did not apply.
The Uniform Rules for Trial Courts (22 NYCRR) § 202.17 (h) provides in pertinent part that: "Unless an order to the contrary is made, or unless the judge presiding at the trial in the interests of justice and upon a showing of good cause shall hold otherwise * * * no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged, nor will the court hear the testimony of any treating or examining physician whose medical reports have not been served as provided by this rule.”
Section 202.17 (h) clearly provides that the court will not hear the testimony of a medical expert relating to a party’s injuries whose medical report has not been served upon the other party. The rule does not limit its application to examinations conducted only for litigation or pursuant to the request of either party. To create such a restriction would hinder one of the prime objectives of the rule which is to prevent surprise.
The mandate of section 202.17 (h) which requires the exchange of medical records is to avoid surprise, narrow and *212 crystallize the issues, lessen the burdens of pretrial discovery and reduce the number of medical witnesses. (Padilla v Damascus, 16 AD2d 71.) The rule permits a party to review and evaluate often complex medical evidence of the adversary in advance so as to afford the party an opportunity to adequately present a proper defense to such evidence before the trier of the facts. Our judicial system is one which searches for the truth based on competent evidence and not on surprise, artifice or stratagem.
The testimony of Doctor Kovary whose medical report was not served upon plaintiff would not only surprise plaintiff but would unduly prejudice his case. Plaintiff has no knowledge as to what Doctor Kovary’s report contains and therefore cannot adequately rebut or defend against such testimony which may prove extremely damaging to plaintiff’s case. This is the very situation the medical exchange rule under 22 NYCRR 202.17 (h) was enacted to prevent.
The section specifically provides that the testimony of "any treating or examining physician” whose medical reports have not been served will be excluded. The rule therefore requires that a medical report must be exchanged before a medical expert can testify as to the finding based upon his or her examination of the injured party regardless of who directed the examination or for what purpose the examination was conducted.
A medical expert may be permitted to testify as to a party’s injury without an exchange of the medical report if his testimony is based solely upon the records already in evidence and not from his examination of the injured party. (Byczek v City of New York Dept. of Parks, 81 AD2d 823; Markey v Eiseman, 114 AD2d 887.) In the instant case, however, Doctor Kovary would be testifying as to the finding based upon his examination of plaintiff.
The court also rejects defendant’s contention that plaintiff cannot claim surprise since Doctor Kovary’s report was also accessible to plaintiff and that plaintiff should have known the existence of the medical report since plaintiff was examined by the Doctor.
The rule places upon the party who calls the medical expert witness the burden of serving the medical report. There is no obligation upon plaintiff to obtain medical records of a treating or examining physician who plaintiff has no intention of calling as a witness.
*213 The appropriate remedy for failure by a party to comply with the medical exchange rule under 22 NYCRR 202.17 (h) is the exclusion of the entire medical expert testimony. (Kastner v Rodriguez, 91 AD2d 950; Manoni v Giordano, 102 AD2d 846.)
Based on the foregoing, the court adheres to its prior ruling.
Accordingly, defendant’s motion is denied.