■ GLADYS FRANGELLO et al., Appellants, v BRIAN L. NAMM et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered March 8, 1988, which, upon a jury verdict, is in favor of the defendants and against them.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiffs' contention, the trial court did not err in denying their motion to set aside the verdict as against the weight of the evidence. It is well settled that issues regarding the credibility of witnesses and the accuracy of their testimony are for the jury to determine and its verdict should not be upset if it could have been reached by any fair interpretation of the evidence *(see, Birnbaum v All-State Vehicle,* 139 AD2d 553; *Nicastro v Park,* 113 AD2d 129). Here, the evidence supports the jury's determination that contrary to the plaintiffs' contentions, the car accident was not the proximate cause of the plaintiff Gladys Frangello's claimed injury. The jury was presented with conflicting evidence as to the cause of the injured plaintiff's condition. That the jury gave due consideration to the testimony of the plaintiffs' witnesses on the issue of causation is evident from the jury's request to have that testimony read back. However, as is apparent from the verdict, the jury found credible the testimony of the defendants' witnesses over that of the plaintiffs' witnesses.

The plaintiffs also argue that the court erred in permitting the testimony of Dr. Howard J. Kirschner, a dentist, because the defendants failed to comply with the requirement of 22 NYCRR 202.17 (h) that the medical report of any testifying medical expert be served upon the opposing party prior to trial. However, we conclude that the court properly permitted the testimony "in the interests of justice and upon * * * good cause [shown]" (22 NYCRR 202.17 [h]). This witness had examined the injured plaintiff at the request of the plaintiffs' no-fault carrier, and not at the request of any party to this litigation. As such, the resulting report was known and available to the plaintiffs since the time of the examination, some 18 months prior to trial. Moreover, the plaintiffs' counsel admitted to having received the report, albeit from a source other than the defendants, a full month in advance of Dr.

Kirschner's testimony, and thus, counsel was not precluded from thoroughly cross-examining the witness in regard to his reported findings (see, McDougald v Garber, 135 AD2d 80; cf., Washington v 550 W. 158th St. Realty Corp., 137 AD2d 426; Bradford v City of New York, 141 Misc 2d 209).

We have examined the remaining contentions advanced by the plaintiffs and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.