■ GENEVIEVE FUTTERMAN et al., Appellants, v SOUTH NAS- SAU COMMUNITIES HOSPITAL, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Collins, J.), entered December 6, 1988, which, upon a jury verdict, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

On October 31, 1988, the plaintiff Genevieve Futterman was recovering from a total knee replacement operation and had an immobilizer on her leg extending from her ankle to her thigh. Her doctor placed her on strict orders not to leave her bed, unless assisted by a nurse. She contends that, on that day, she called out loud and rang for a nurse to assist her in going to the bathroom. Since no nurses responded, she arose from her bed and started walking with a walker towards the bathroom. She slipped and fell, allegedly due to water left by a porter who mopped the floor that morning. The defendant hospital contended that Mrs. Futterman never asked for assis- tance, and no porter mopped her floor prior to the accident. The jury found that the defendant was not negligent, and the trial court refused to set aside the jury's verdict in its favor as against the weight of the evidence.

The trial court did not err in denying the plaintiffs' motion

to set aside the verdict as against the weight of the evidence. "[I]issues regarding the credibility of witnesses and the accuracy of their testimony are for the jury to determine and its verdict should not be upset if it could have been reached by any fair interpretation of the evidence" *(see, Frangello v Namm,* 157 AD2d 649; *Nicastro v Park,* 113 AD2d 129). In the case at bar, the evidence supports the jury's verdict that the defendant was not negligent. Conflicting evidence was presented to the jury as to the cause of the plaintiff Genevieve Futterman's injuries. It is evident from the jury's verdict that it found the defendant's witnesses more credible than the plaintiffs' witnesses *(Frangello v Namm, supra).* We further find that any prejudice which may have resulted from the defendant's cross-examination of a nurse testifying as the plaintiffs' expert regarding an unredacted portion of an incident report made in October 1983 was cured when the court struck the cross-examination from the record and provided a comprehensive curative instruction to which the plaintiffs' counsel registered no objection *(Mulle v Weinstein,* 141 AD2d 517; *Hiliuk v Daponte,* 100 AD2d 612).

We have reviewed the plaintiff's remaining contentions and find that they do not require reversal. Thompson, J. P., Brown, Eiber and Miller, JJ., concur.