■ NANETTE CAMPOLI et al., Appellants, v KURT LOBMEYER, Respondent.—Yesawich Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Stolarik, J.), entered September 14, 1990 in Rockland County, upon a verdict rendered in favor of defendant.

Plaintiff Nanette Campoli and her husband, derivatively, commenced suit to recover damages for alleged serious injuries sustained by Campoli in a January 1985 automobile accident. X rays and MRIs taken in the fall of 1987 in Florida, where plaintiffs reside, revealed bulging discs at multiple levels of Campoli's spine which her doctor concluded were causally related to the accident. Inasmuch as defendant did not contest liability at trial, the only issues presented to the jury were whether Campoli sustained a serious injury within the meaning of Insurance Law § 5102 and, if so, the amount of damages, if any.

Two days after the commencement of the trial, after Campoli had testified and just before plaintiffs' medical witness was to testify, defendant furnished plaintiffs with a medical report prepared by Eric Rothschild, and orally applied to the court for permission to present Dr. Rothschild's expert medical testimony which was based solely on his review of the record evidence, including Campoli's medical records and X rays. Over plaintiffs' objection, Supreme Court granted the application. At the conclusion of the trial, the jury found that

Campoli had not sustained a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system, and returned a verdict in favor of defendant. Judgment was entered accordingly and plaintiffs appeal.

As we are not persuaded by plaintiffs' claim that Supreme Court abused its discretion when it refused to preclude Rothschild's testimony because of defendant's failure to provide them with Rothschild's medical report or his identity, subject matter and qualifications prior to trial, pursuant to 22 NYCRR 202.17 (h) and CPLR 3101 (d) (1) (i), respectively, we affirm.

22 NYCRR 202.17 (h) states that, in the absence of a showing of good cause, the court will not "hear the testimony of any *treating* or *examining* physicians whose medical reports have not been served as provided by this rule" (emphasis supplied). Hence, by its own terms, 22 NYCRR 202.17 (h) does not apply to medical experts like Rothschild who have neither treated nor examined Campoli, but testify exclusively on the basis of medical records in evidence and hypothetical questions posed to them by counsel *(see, Jandt v Abele,* 116 AD2d 699, 700; *Byczek v City of New York Dept. of Parks,* 81 AD2d 823; *Smith v Schulman,* 28 AD2d 922, 923; *cf., Ciriello v Virgues,* 156 AD2d 417, 418).

And although CPLR 3101 (d) (1) (i) does have application to defendant herein, that disclosure rule, like 22 NYCRR 202.17 (h), is not absolute, for it stipulates that "the court may make whatever order may be just". Considering the circumstances prevailing—that the chiropractor who originally examined Campoli on defendant's behalf in Florida refused to come to New York to testify, that Campoli was unwilling to accede to defendant's subsequent request that she submit to another physical examination, this time in New York, that defendant informed Supreme Court and plaintiffs prior to jury selection that he might have an independent medical expert testify hypothetically based on Campoli's medical records and X rays, and that Dr. Rothschild's testimony was predicated on those records and X rays—Supreme Court cannot be faulted for concluding that defendant's noncompliance with CPLR 3101 (d) (1) (i) was not intentional, i.e., calculated to put defendant at an unfair advantage *(cf., Fouchet v Manhatten Ford Lincoln Mercury,* 141 Misc 2d 204), and for allowing Rothschild to testify despite such noncompliance *(see, Simpson v Bellew,* 161 AD2d 693, 698, *lv denied* 77 NY2d 808).

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.