■ SALIM S. ATWEH, an Infant, by His Parent and Natural Guardian, NADYA ATWEH, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendant. [626 NYS2d 961] —In an action to recover damages, inter alia, for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated September 3, 1993, which, upon denying their motion to set aside a jury verdict in favor of the defendant New York City Transit Authority, is in favor of it and against them dismissing the complaint and imposing costs in the sum of $700.

Ordered that the judgment is affirmed, with costs.

On the morning of September 15, 1988, the infant plaintiff Salim S. Atweh suffered a serious injury when a bus owned and operated by the defendant New York City Transit Authority rolled over his leg. There was sharply conflicting evidence at trial as to how the accident occurred. Apparently finding the defendant's witnesses more credible than the plaintiffs' witnesses, the jury resolved the conflict in the defendant's favor. "[W]hen a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolved the controversy in favor of the defendant upon a fair interpretation of the evidence, that finding should be sustained" (Nicastro v Park, 113 AD2d 129, 134; see also, Quines v Ostrander, 169 AD2d 826, 827; Futterman v South Nassau Communities Hosp., 162 AD2d 583, 584; Frangello v Namm, 157 AD2d 649). Under the circumstances of this case the jury's verdict should be sustained.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.