■ OMAR SIAGHA, Respondent, v SALANT-JEROME, INC., Doing Business as RUBY'S RIVER ROAD CAFE & BAR, et al., Appellants. [706 NYS2d 634] —Judgment, Supreme Court, New York County (Penny Wolfgang, J.), entered December 29, 1998, which, in an action to recover for personal injuries, upon a verdict in plaintiff's favor, awarded plaintiff damages structured pursuant to CPLR article 50-B, unanimously modified, on the law and the facts, to vacate the award for future medical expenses, and the matter remanded for a new trial solely upon the issue of damages for such future medical expenses, and otherwise affirmed, without costs.

The various trial rulings cited by defendants as grounds for a new trial are either unpreserved for appellate review, insufficiently prejudicial to warrant a new trial, or were proper exercises of the court's discretion. In particular, the trial court's failure to include on the verdict sheet an interrogatory requiring the jury to conclude, prior to awarding damages, that plaintiff's injuries were proximately caused by the assault, was harmless error in light of the fact that the issue of proximate causation was fully explained in the jury charge (cf., Booth v J. C. Penney Co., 169 AD2d 663; Post & Co. v Sidney Bitterman, Inc., 219 AD2d 214). The trial court's determination to receive the testimony of plaintiff's expert despite plaintiff's failure to abide by CPLR 3101 (d) was a proper exercise of discretion (see, Campoli v Lobmeyer, 183 AD2d 1049; Lesser v Lacher, 203 AD2d 181), in light of plaintiff's showing that defendants delayed notifying plaintiff of their intention to offer expert testimony and were late in presenting plaintiff with their expert's report.

There was sufficient evidence to support the jury's awards for lost wages and pain and suffering. Plaintiff's expert economist testified respecting plaintiff's loss of future wages and plaintiff, his mother and two experts testified to the significant and debilitating personality changes plaintiff had undergone as a result of the 1993 assault and stated that, as a consequence of those changes, plaintiff was no longer able to obtain or retain employment. The jury's award for future medical expenses, however, was against the weight of the evidence (see,

*Cohen v Hallmark Cards,* 45 NY2d 493, 498-499); while there was testimony that plaintiff would require medical treatment for the remainder of his life, such evidence as there was did not permit the jury fairly to conclude, as it did, that costs of such treatment would amount to $350,000.

We have reviewed defendant's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Nardelli, Mazzarelli and Saxe, JJ.