■ WANDA LATORRE, Appellant, v WILLIAM KNORR et al., Respondents. [826 NYS2d 704]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated July 29, 2005, which, upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the sum of $4,400 for past pain and suffering, and $0 for future pain and suffering, and upon the denial of her application to set aside the award of damages as to past pain and suffering as against the weight of the evidence, is in her favor and against the defendants in the principal sum of only $4,400.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs, and a new trial is granted on the issue of damages for past pain and suffering, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to increase the damages as to past pain and suffering from the sum of $4,400 to the sum of $150,000, and to the entry of an appropriate amended judgment; in the event the defendants so stipulate, then the judgment, as so increased and amended, is affirmed, without costs or disbursements.

As a result of a tubal ligation procedure performed by the defendants, the plaintiff experienced intra-abdominal bleeding causing the accumulation of fluid in her abdominal cavity and extremely painful abdominal distention and stretching of the peritoneum. Two days after the tubal ligation, the plaintiff went

by ambulance to the emergency room at Jamaica Hospital complaining of leakage from her navel in the area of the procedure and severe abdominal pain. The plaintiff underwent an exploratory laparotomy during which the surgeon found a thermal injury to the bowel. The plaintiff remained in the hospital for six days. She was restricted in her activities of daily living and unable to return to work for eight weeks following the corrective surgery. The plaintiff contends that the award in the sum of $4,400 for past pain and suffering was inadequate. We agree.

Although the amount of damages awarded for personal injuries is primarily a question for the jury (*see Balsam v City of New York*, 298 AD2d 479 [2002]) and the jury's determination is entitled to great deference (*see Lamb v Babies 'R' Us*, 302 AD2d 368, 369 [2003]), its determination should be set aside where the verdict is inadequate (*see Walsh v Kings Plaza Replacement Serv.*, 239 AD2d 408 [1997]). Under the facts of this case, we agree with the plaintiff that the award for past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]; *Harvey v Mazal Am. Partners*, 79 NY2d 218, 225 [1992]; *Bonilla v New York City Tr. Auth.*, 295 AD2d 297 [2002]). Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.