■ ADRIANNA HATZIS, Individually and as Executor of PETER HATZIS, Deceased, Appellant, v MITCHELL I. BUCHBINDER et al., Respondents. [978 NYS2d 298]—

In an action to recover damages for negligence and medical malpractice, etc., the plaintiff appeals from a judgment of the Supreme Court, Queens County (Weiss, J.), dated December 1, 2011, which, upon a jury verdict, and upon the denial her motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

There is no merit to the plaintiff's contention that the Supreme Court committed reversible error when, in response to the jury's request to reiterate the preponderance-of-the-evidence standard, it issued a truncated version of the pattern jury instruction. The record reflects that the court's charge, as a whole, adequately conveyed the proper legal principles to the jury (*see Vaccarino v Mad Den, Inc.*, 100 AD3d 867 [2012]; *Winderman v Brooklyn/McDonald Ave. Shoprite Assoc., Inc.*, 85 AD3d 1018 [2011]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Jean-Louis v City of New York*, 86 AD3d 628, 628 [2011]). The jury's assessment of credibility of experts who provided conflicting testimony at trial "is entitled to great weight, as it is the jury that had the opportunity to observe and hear the experts" (*Saccone v Gross*, 84 AD3d 1208, 1208-1209 [2011] [internal quotation marks omitted]). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (*Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *see Bailey v Brookdale Univ. Hosp. & Med. Ctr.*, 98 AD3d 545 [2012]; *Lolly v Brookdale Univ. Hosp. & Med. Ctr.*, 90 AD3d 862 [2011]). Here, the jury was free to credit the testimony of the defendants' expert witnesses over that of the plaintiff's experts. Upon the exercise of our factual review power, we conclude that, contrary to the plaintiff's contention, there is no basis to disturb the jury's determination with respect to the defendant David Katz.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Rivera, Leventhal and Chambers, JJ., concur.