Hollingsworth v Mercy Med. Ctr. (2018 NY Slip Op 03340)





Hollingsworth v Mercy Med. Ctr.


2018 NY Slip Op 03340


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-06301
 (Index No. 2481/12)

[*1]Nylah Hollingsworth, etc., appellant-respondent,
v
Mercy Medical Center, respondent-appellant.


The Fitzgerald Law Firm, P.C., Yonkers, NY (James P. Fitzgerald, John M. Daly, and Mitchell L. Gittin of counsel), for appellant-respondent.
Peter C. Kopff, LLC (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 16, 2015. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as excessive to the extent of directing a new trial on the issue of damages unless the plaintiff stipulated to a reduction of the damages awards. The order, insofar as cross-appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as matter of law or, in the alterative, to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed, without costs or disbursements.
On February 23, 2009, the plaintiff was born prematurely at 27 weeks of gestation at the defendant hospital. On March 9, 2009, while still in the care of the defendant, the plaintiff was diagnosed with necrotizing enterocolitis (hereinafter NEC), an acute infection of the intestine sometimes seen in premature infants. She was transferred to another hospital on March 14, 2009, and ultimately underwent surgery on May 5, 2009, for resection of portions of her intestine. The plaintiff has since been diagnosed with short bowel syndrome secondary to NEC, which, it is anticipated, will cause her to suffer certain intestinal problems for life.
The plaintiff commenced this medical malpractice action alleging that the defendant negligently caused NEC by feeding her increased calories and concentrated breast milk, and that the defendant was negligent in failing to order a surgical consultation upon diagnosing her with NEC and failing to timely transfer her to another hospital capable of surgically treating her. After a trial, the jury found that the defendant did not depart from acceptable medical practice in its feeding of the plaintiff, but that it did depart from such practice by failing to obtain a surgical consultation upon diagnosing her with NEC and failing to timely transfer her to another hospital. The jury also found that these departures were substantial factors in causing injury to the plaintiff. The jury awarded the plaintiff the sum of $1,000,000 for past pain and suffering, and the sum of $4,000,000 for future pain and suffering.
The defendant moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as matter of law or, in the alternative, to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial. In the alternative, the defendant moved pursuant to CPLR 4404(a) to set aside the verdict on the issue of damages as excessive and for a new trial on that issue unless the plaintiff stipulated to a reduction of the damages awards. In the order appealed from, the Supreme Court denied that branch of the motion which was to set aside the verdict on the issue of liability, but granted that branch of the motion which was to set aside the verdict on the issue of damages to the extent of directing a new trial on damages unless the plaintiff stipulated to a reduction of the damages awards for past pain and suffering to $75,000 and for future pain and suffering to $500,000. The plaintiff appeals, and the defendant cross-appeals.
A motion to set aside a jury verdict and for judgment as a matter of law will be granted only if there is no valid line of reasoning and permissible inferences which could possibly lead a rational jury to the conclusion reached on the basis of the evidence presented at trial (see Killon v Parrotta, 28 NY3d 101, 108; Campbell v City of Elmira, 84 NY2d 505, 509-510; Cohen v Hallmark Cards, 45 NY2d 493, 499). In a medical malpractice action, the plaintiff must show that the defendant deviated from acceptable medical practice, and that such deviation was a proximate cause of the plaintiff's injury (see Mazella v Beals, 27 NY3d 694, 705; James v Wormuth, 21 NY3d 540, 545). Here, the jury rationally could have concluded that the defendant was negligent in failing to order a surgical consultation when it diagnosed the plaintiff with NEC and in failing to timely transfer her to a hospital capable of treating her surgically, and that these departures were a proximate cause of the plaintiff's injuries.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Killon v Parrotta, 28 NY3d at 107-108; Lolik v Big V Supermarkets, 86 NY2d 744, 746). Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert (see Russo v Levat, 143 AD3d 966, 968; Hatzis v Buchbinder, 112 AD3d 890, 891; Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588). The jury's verdict in favor of the plaintiff on the issue of liability in this case was supported by a fair interpretation of the evidence.
However, we agree with the Supreme Court's conclusion that the jury verdict indicates that the jury found that the defendant did not cause the plaintiff's NEC inasmuch as it determined that the defendant was not negligent in its feeding of the plaintiff. Upon rejecting this claim, the jury found only that the defendant was responsible for the delay in obtaining a surgical consult and transferring the plaintiff to another hospital. The plaintiff's expert testified that this delay allowed the plaintiff's NEC to become more severe and complex, and resulted in the loss of more bowel. Under these circumstances, we agree with the court that the damages awarded were excessive to the extent indicated, as they deviate materially from what would be reasonable compensation (see CPLR 5501[c]; LaTorre v Knorr, 35 AD3d 671; Roseingrave v Massapequa Gen. Hosp., 298 AD2d 377, 380; DeRosa v Kaali, 240 AD2d 534, 535).
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court