Searcy v New York City Tr. Auth. (2019 NY Slip Op 01438)





Searcy v New York City Tr. Auth.


2019 NY Slip Op 01438


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-11361
 (Index No. 7141/12)

[*1]Johnny L. Searcy, appellant, 
v
New York City Transit Authority, et al., respondents.


Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Denise A. Rubin], of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Anna J. Ervolina of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Arthur M. Schack, J.), dated October 16, 2015. The judgment, upon a jury verdict and upon an order of the same court entered August 13, 2015, denying the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
On April 10, 2011, the plaintiff fell from a New York City subway platform onto the subway tracks and was struck by a train. As a result of the accident, the plaintiff sustained various physical injuries, including, among other things, having his left leg severed by the train's wheels and his right foot crushed, leading to its amputation. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the defendants, New York City Transit Authority, Metropolitan Transit Authority, and Lawrence Torinese, the train operator.
Following a jury trial, the jury found that the defendants were not negligent. Thereafter, the plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied that motion and entered a judgment in favor of the defendants and against the plaintiff, in effect, dismissing the complaint. We affirm.
Where the operator of a subway train sees a person lying on the tracks abutting a subway station platform, " from such a distance and under such other circumstances as to permit him [or her], in the exercise of reasonable care, to stop before striking the person,'" the operator's failure to avoid the accident may be found to be negligent (Soto v New York City Tr. Auth., 6 NY3d 487, 493, quoting Coleman v New York City Tr. Auth., 37 NY2d 137, 140). However, no such liability attaches where the accident was unavoidable under the circumstances (see Sanders v New York City Tr. Auth., 83 AD3d 811, 813; Dibble v New York City Tr. Auth., 76 AD3d 272, 279; Mirjah v New York City Tr. Auth., 48 AD3d 764).
"Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Nicastro v Park, 113 AD2d 129, 133). "The Appellate Division may not disregard a jury verdict as against the weight of the evidence unless the evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d 101, 107, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746).
"[I]n reviewing the whole trial to ascertain whether the conclusion was a fair reflection of the evidence, great deference must be given to the fact-finding function of the jury" (Nicastro v Park, 113 AD2d at 136). The jury's resolution of conflicting expert testimony is entitled to great weight on appeal, and the jury is entitled to accept the testimony of one party's expert and reject that of another party (see Hatzis v Buchbinder, 112 AD3d 890, 891; Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588). Here, the jury was free to credit the testimony of the defendants' witnesses over that of the plaintiff's witnesses, and there is no basis to disturb its determination.
Contrary to the plaintiff's contention, he was not deprived of a fair trial by certain testimony concerning his alleged intoxication at the time of the accident. Moreover, any prejudice to the plaintiff which may have resulted when defense counsel read from a medical record which had been precluded from evidence was cured by the Supreme Court's prompt curative instruction (see Futterman v South Nassau Communities Hosp., 162 AD2d 583, 584). The subject testimony and the conduct of defense counsel did not divert the jury's attention from the issues to be determined (see Matamoros v Tovbin, 82 AD3d 941, 942; Torrado v Lutheran Med. Ctr., 198 AD2d 346, 347).
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court