■ JOSEPH VENESKI et al., Respondents, v CITY OF NEW YORK, Appel-

lant, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the defendant City of New York appeals from an order of the Supreme Court, Kings County, entered December 12, 1977, which, upon plaintiffs' motion to set aside the verdict in favor of plaintiff Joseph Veneski, as inadequate, set aside the verdict of $90,000 in his favor against the defendant City of New York and directed a new trial as to him on the issue of damages only, unless the defendant City of New York agreed to increase the verdict in favor of said plaintiff to the sum of $250,000 with credit to be given for $150,000, the amount paid in settlement by codefendants Clark Transfer, Inc., and Vincent Conway. Order modified, on the law, by deleting therefrom the sum of $250,000 in the last decretal paragraph thereof and substituting therefor the sum of $180,000. As so modified, order affirmed without costs or disbursements. We agree with the trial court that on the basis of the evidence presented certain facts were indisputably proved, but that, because of the serious problems of credibility as to other facts, approximately 50% of the undisputed facts concerning the damages suffered by plaintiff Joseph Veneski were discounted by the jury. The proof established that as a result of the accident the pelvis of Joseph Veneski, who was 28 years old at the time, was fractured in two places; his scrotum remained swollen for several weeks; a perineal infection had to be drained by incisions beneath the scrotum; thrombophlebitis developed; he spent approximately seven weeks in the hospital; and, as a result of the phlebitis, he has continued to have an ulcer (running sore) on his leg. He may also be impotent. In addition, the special damages approximated $20,000. As a result of his injuries, specifically the phlebitis, Veneski has been unable to return to his former vocation as a truck driver—despite a valiant attempt to do so—and his earning capacity has, therefore, been greatly diminished. On that state of the evidence, the verdict was, accordingly, inadequate to the extent indicated. Suozzi, J. P., O'Connor, Rabin and Shapiro, JJ., concur.