■ SUSAN FITZPATRICK, Respondent, v A. H. ROBBINS COMPANY, INC., Appellant.—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated December 7, 1984, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal amount of $1,450,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, together with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $500,000, and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

The plaintiff instituted this action to recover damages for personal injuries allegedly caused by the Dalkon Shield, an intrauterine device (hereinafter IUD) manufactured by the defendant. She presented evidence at trial to show that the multifilament tail on the shield, which hung from the uterus into the vagina, acted as a wick to draw bacteria from the nonsterile vagina into the usually sterile uterus. The plaintiff alleged that this wicking tendency caused pelvic inflammatory disease (hereinafter PID), as a result of which she was forced to undergo a complete hysterectomy.

The defendant disputed the plaintiff's contention that the shield caused the plaintiff's PID, and introduced evidence that PID occurs in approximately 2% to 4% of the female population, regardless of whether the women were wearing an IUD. The defendant attempted to establish that the plaintiff's injury stemmed from her own lack of care with respect to her diabetic condition, and was unrelated to the IUD. Thus, the alleged two causes of the plaintiff's PID were offered as mutually exclusive and, as such, involved the question of proximate cause, not contributory negligence, as the defendant contends.

Consequently, we find that the defendant's argument that the trial court erred when it failed to charge the jury on the law of contributory negligence does not warrant reversal.

The verdict was excessive to the extent indicated.

The defendant's other contention is without merit. Thompson, J. P., Neihoff, Eiber and Spatt, JJ., concur.