■ MARION L. FLORSZ, Appellant-Respondent, et al., Plaintiff, v KERRIN OGRUK et al., Respondents-Appellants.—In an action to recover damages for personal injuries, etc., the plaintiff Marion L. Florsz appeals, as limited by her brief, from so much of a judgment of Supreme Court, Suffolk County (Cannavo, J.), entered May 1, 1990, as, upon a jury verdict, found that her damages for future pain and suffering amounted to only $40,000, and the defendants cross-appeal from so much of the judgment as is in favor of the plaintiff Marion L. Florsz

and against them in the principal sum of $140,000, and is in favor of the plaintiff Edward Florsz in the principal sum of $13,000.

Ordered that the judgment is modified, on the law, by reducing the principal sum awarded to Edward Florsz for loss of services from $13,000 to $7,540; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the respondents-appellants, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment.

This action arises from an automobile accident wherein the plaintiff Marion L. Florsz was injured while riding as a passenger in her husband's car. Mrs. Florsz was hospitalized for several days and was given a discharge diagnosis of comminuted fracture of the right oscalcis, which is a bone in the area of the heel.

After a trial, the jury found that Mrs. Florsz sustained damages of $140,000, comprised of $100,000 for past pain and suffering and $40,000 for future pain and suffering. Mrs. Florsz contends on appeal that the amount awarded for future pain and suffering is inadequate.

It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact (see, *Jandt v Abele,* 116 AD2d 699; *Senko v Fonda,* 53 AD2d 638). At the trial, testimony was adduced which revealed that the pain associated with Mrs. Florsz's injury could have been greatly relieved, if not eliminated, by a surgical procedure which she declined (see, 36 NY Jur 2d, Damages, § 31, at 54). In addition, there was evidence submitted from which the jury could have concluded that some of her pain was preexisting. Under these circumstances, the amount awarded by the jury did not "deviate * * * materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Figliomeni v Board of Educ.,* 38 NY2d 178; *Schare v Welsbach Elec. Corp.,* 138 AD2d 477; *Santucci v Govel Welding,* 168 AD2d 845).

The award made to the plaintiff Edward Florsz for his loss of services should have been reduced by the 42% of the fault in the happening of the accident which the jury attributed to him (see, CPLR 1411). A spouse's cause of action to recover damages for loss of services, while derivative in nature, remains "separate and distinct" *(Siskind v Norris,* 152 AD2d 196, 201-202). Accordingly, pursuant to CPLR 1411, the sum awarded to the plaintiff Edward Florsz on his cause of action to recover damages for loss of services is reduced by 42% to

$7,540. Thompson, J. P., Lawrence, Copertino and Santucci, JJ., concur.