■ HUGH GUNDER et al., Respondents, v RADHARKRISHNA MURTHY et al., Appellants.—In an action to recover damages for medical malpractice, etc., the defendants appeal from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered April 3, 1990, which, upon a jury verdict, is against them and in favor of the plaintiffs in the principal sum of $650,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after the service upon the plaintiffs of a copy of this decision and order, together with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $250,000 and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On June 13, 1979, the defendant Dr. Radharkrishna Murthy performed a vasectomy on the plaintiff Hugh Gunder (hereinafter the injured plaintiff) at the offices of the defendant East Nassau Medical Group (hereinafter ENMG), which was operated and managed by the Health Insurance Plan of Greater New York. Following the vasectomy, the injured plaintiff experienced swelling, discoloration, and excruciating pain in his scrotum. Two days later, Dr. Murthy examined the injured plaintiff's scrotum, concluded that the swelling was caused by a scrotal hematoma, and immediately performed surgery to drain his scrotal sac.

The incision required to drain the injured plaintiff's scrotal sac was four to five inches in length, significantly larger than the one-half inch incision made during the vasectomy. The injured plaintiff and his wife, the plaintiff Laura Gunder, did not have sexual relations for two months following the opera-

tion, during which his scrotum was still tender to the touch. At the time of trial, the injured plaintiff still had pain upon erection and anxiety about having intercourse. He testified that this painful condition resulted in a significant reduction in the frequency of sexual relations with his wife. Furthermore, his wife testified that the quality of their sex life had "diminished" following her husband's operation.

The jury awarded the injured plaintiff $200,000 for "past conscious pain and suffering to date" and $250,000 for "future conscious pain and suffering including the permanent [e]ffect of the injury". The jury also awarded the plaintiff wife $200,000 for loss of consortium.

The defendants argue that the court's first interrogatory improperly expanded the basis upon which liability could be found since it enabled the jury to determine that Murthy departed from accepted standards of medical practice by severing "one or more blood vessels", thereby causing the development of the hematoma. We disagree. Although the plaintiffs' expert, Dr. Roen ultimately opined that the blood vessel which had been damaged during the operation was fairly large and was most likely the artery of the vas deferens, he was not entirely certain which bleeding vessel led to the formation of the hematoma. Thus, there was evidence before the jury that the injured plaintiff's injury might have been caused by the defendant physician's negligent severing of an artery other than that of the vas deferens. The weight to be accorded Roen's conflicting statements was a matter peculiarly within the province of the jury (see, Sternemann v Langs, 93 AD2d 819). The credible evidence supports the jury's finding that Murthy and ENMG departed from accepted medical practice by failing to properly locate, identify, and deal with one or more bleeding vessels (see, Sternemann v Langs, supra, at 819).

The defendants further assert that the verdict was excessive insofar as the plaintiffs offered insufficient evidence concerning the permanency of the impairment of the injured plaintiff's physical condition. Although the injured plaintiff testified that he still had pain upon erection and anxiety about having intercourse, and Dr. Roen opined that the injured plaintiff's pain would be permanent, we nevertheless find that the evidence of the injured plaintiff's future pain and suffering was far from compelling. Despite their claims of reduced frequency and diminished quality, the plaintiffs continued to engage in marital relations after an interruption of only two months following the operation. Moreover, there was little

evidence as to the continuing medical care the injured plaintiff would require as a result of the defendant physician's negligent performance of the vasectomy. It appears that the corrective surgery performed by the defendant physician effectively repaired the damaged blood vessel. Indeed, during several subsequent physical examinations for unrelated conditions, the injured plaintiff voiced no complaints of post-vasectomy problems or continuing scrotal pains despite direct inquiry from the examining physician who, on one occasion, noted on the injured plaintiff's medical record "genitalia normal". Although the nature of this injury clearly supports the injured plaintiff's claims of temporary excruciating pain immediately following the operation, the absence of any evidence that the injured plaintiff required remedial treatment other than the corrective operation, or that he will need any relevant continuing treatment leads us to conclude that the jury's awards for past and future pain and suffering deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]) and are thus excessive to the extent indicated (cf., *Fitzpatrick v Robbins Co.*, 126 AD2d 513; *Van Syckle v Powers*, 106 AD2d 711). Based upon the injured plaintiff's testimony and upon the other evidence in the record, we find that an award of $30,000 represents reasonable compensation for his future pain and suffering. We further find that $150,000 would provide reasonable compensation for the injured plaintiff's past pain and suffering, and that on the plaintiff wife's loss of consortium claim, $70,000 constitutes reasonable compensation. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.