■ MARIA RODRIGUEZ, Appellant, v CITY OF NEW YORK, Respondent. [594 NYS2d 61] —In a negligence action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Williams, J.), dated May 16, 1990, which, upon the defendant's motion to set aside a jury verdict in the principal sum of $209,750 ($106,250 representing the projected future loss of earnings, $54,000 representing damages for projected future pain and suffering, $41,500 representing past loss of earnings, and $8,000 representing damages for past pain and suffering), granted the motion and granted a new trial on the issue of damages only unless the plaintiff stipulated to reduce the verdict to $100,000 and to the entry of a judgment in her favor in the principal sum of $75,000, representing the defendant's 75% share of the fault in the happening of the accident.

Ordered that the order is reversed, on the facts, with costs, the motion is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment in accordance with the jury verdict.

This action arises from a slip and fall accident where the plaintiff, who was approximately 50 years old at the time of the accident, suffered a fractured wrist, aggravation of a pre-existing condition of profound osteoporosis, and a chronic sprain in her lower back. The plaintiff's retained medical

expert who examined the plaintiff solely for purposes of litigation testified that, with a reasonable degree of medical certainty, the plaintiff's condition was permanent. The plaintiff testified that she was no longer able to perform her usual work, which involved physical strength in both hands.

The Supreme Court set aside the $209,750 verdict, noting, *inter alia,* that there was insufficient evidence with respect to the plaintiff's future ability to work.

It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury *(see, Florsz v Ogruk,* 184 AD2d 546; *Jandt v Abele,* 116 AD2d 699; *Senko v Fonda,* 53 AD2d 638). In light of the evidence that the plaintiff suffered from continued pain, restricted motion, and weakness in the affected wrist, we find that the damages award, including $106,250 for future loss of earnings, did not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]). Therefore, the court improperly exercised its discretion in setting aside the verdict as excessive. Thompson, J. P., Sullivan, Miller and Santucci, JJ., concur.