■ MICHAEL RAUCCI, Appellant, et al., Plaintiffs, v CITY SCHOOL DISTRICT OF THE CITY OF MECHANICVILLE et al., Respondents. (And Another Related Action.) [610 NYS2d 653] —Weiss, J. Appeals (1) from a judgment of the Supreme Court (Brown, J.), entered May 1, 1992 in Saratoga County, upon a verdict rendered in favor of plaintiff Michael Raucci, and (2) from an order and judgment of said court, entered March 31, 1992 in Saratoga County, which denied said plaintiff's motion to set aside the verdict.

In *Durkin v Peluso* (184 AD2d 940-941) this Court held: "In

determining whether the evidence was properly assessed, great deference is given to a jury's interpretation *(Halvorsen v Ford Motor Co.,* 132 AD2d 57, 60, *lv denied* 71 NY2d 805) and a verdict should not be set aside unless the jury could not have reached the verdict on any fair interpretation of the evidence *(Fieldy v Weimer,* 169 AD2d 961, 962; *Nicastro v Park,* 113 AD2d 129, 134). The test is not whether a jury erred in weighing the evidence, but whether any viable evidence exists to support its verdict *(Lachanski v Craig,* 141 AD2d 995, 996). A jury is entitled to draw its own inferences from the evidence *(Bochnak v Mackes,* 159 AD2d 882, 884, *lv denied* 76 NY2d 706)."

In the appeal before us, the sole issue, as in *Durkin v Peluso (supra)* and so many other cases in which the jury verdict is challenged as incorrect, is whether the jury verdict[1] in favor of plaintiff Michael Raucci (hereinafter plaintiff) awarding $25,000 for past pain and suffering including loss of enjoyment of life, and nothing for future pain and suffering or economic loss, must be set aside and a new trial ordered.

The facts giving rise to this action are as follows. Plaintiff, a 17-year-old junior at Mechanicville High School in Saratoga County, claims that while participating in the school's summer football training camp on August 25, 1988, defendant John C. Cavotta, the head coach, struck him (and other members of the team) on the head 13 or more times with a foam rubber tackling dummy while he was performing an agility drill. In this personal injury claim, plaintiff sought to prove that he sustained devastating permanent neurological injuries which resulted in emotional problems, impaired learning abilities, unremitting depression, social withdrawal and other manifestations which severely impaired the quality of his life. During the trial which extended over two months, the jury heard conflicting testimony concerning the nature, extent, severity and cause of plaintiff's injuries from, *inter alia,* his teammates, school friends, teachers, physicians and psychologists, and viewed videotapes and photographs of plaintiff's activities after the time of his injuries. As demonstrated by its verdict,[2] the jury implicitly found that plaintiff exaggerated the extent of his injuries, limiting its award to past pain and suffering but made no award for future pain and suffering

---

1. At the conclusion of the proof, Supreme Court directed a verdict on the issue of liability in favor of plaintiff Michael Raucci against defendants.

2. A verdict of $25,000 was also awarded to Shane Liberty, another football player who had been hit similar to plaintiff, in his related action. Liberty has not appealed.

*(see, e.g., Robert v Long Is. R. R. Co.,* 161 AD2d 346). This appeal also seeks review of Supreme Court's order and judgment denying plaintiff's CPLR 4404 motion to set the verdict aside on the ground of inadequacy.

It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury *(Florsz v Ogruk,* 184 AD2d 546, 547) and that great deference is given to a jury's interpretation of the evidence and findings of fact that have sufficient support within the credible evidence, even if there is evidence leading to a contrary conclusion *(Olszowy v Norton Co.,* 159 AD2d 884, 886, *lv denied* 76 NY2d 704; *Halvorsen v Ford Motor Co.,* 132 AD2d 57, 60, *supra; see, Esner v Janisziewski,* 180 AD2d 991, 993). Our review of the record satisfies us that notwithstanding the voluminous testimony offered by plaintiff to support his claim of severity of the injuries, there is ample conflicting evidence and inconsistencies both in the direct testimony of defense witnesses and from the cross-examination of the witnesses offered by plaintiff, as well as from the documents, medical records, tests, school records, videotapes and photographs, to support a finding that: the hydrocephalus diagnosed was a preexisting condition which could account for many of the symptoms complained of; plaintiff sustained injuries and was rendered unconscious in two other incidents; his school work and social life had not been materially or adversely affected; plaintiff had been less than truthful with some of his doctors and psychologists; and he had perhaps exaggerated the effect of the injuries *(see, Martin v Seaman,* 184 AD2d 996, *lv denied* 80 NY2d 759). The lack of an award of damages for future pain and suffering did not deviate materially from what would have been awarded as to have required the verdict be set aside *(see, Esner v Janisziewski, supra,* at 993-994; *see also, Kirkpatrick v Timber Log Homes,* 190 AD2d 1072). Taken in its entirety, plaintiff's evidence of past and future pain and suffering was less than compelling *(see, Gunder v Murthy,* 185 AD2d 915) and disinclines this Court to hold that the verdict deviated materially from what would be reasonable compensation in the circumstances *(see, Florsz v Ogruk, supra,* at 547; *see also, Wendall v Supermarkets Gen. Corp.,* 189 AD2d 1063, 1065; *Murphy v Estate of Vece,* 173 AD2d 445). We have examined the cases relied upon by plaintiff to support his claim of inadequacy of the damage award and find them to be factually distinguishable and do not compel a different result here.

Mercure, J. P., White and Peters, JJ., concur. Ordered that

the judgment and order and judgment are affirmed, without costs.