■ ROBERT BOLDUC, Respondent-Appellant, v RASHMI C. SHETH, Appellant-Respondent. [618 NYS2d 563] —In a negligence action to recover damages for medical malpractice, etc., the defendant appeals, as limited by his brief, from (1) so much of a judgment of the Supreme Court, Westchester County (Fredman, J.), entered October 29, 1992, as, upon a jury verdict finding him 75% at fault for the plaintiff's injuries and the plaintiff 25% at fault for his own injuries, and finding that the plaintiff suffered damages for loss of past earnings in the amount of $160,000 and loss of future earnings in the amount of $520,000, is in favor of the plaintiff and against him in the principal sum of $120,000 for loss of past earnings, and $390,000 for loss of future earnings, and (2) so much of an order of the same court, dated December 16, 1992, as denied his cross motion to set aside the verdict as to the awards for loss of past and future earnings, or to reduce the damages for loss of past and future earnings, and the plaintiff cross-appeals from so much of the judgment as found him 25% at fault.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof which awarded the plaintiff $390,000 in damages for loss of future earnings, and adding a provision thereto severing the plaintiff's claim for damages for loss of future earnings and granting a new trial with respect thereto unless, within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to decrease the verdict as to damages for loss of future earnings from $520,000 to $416,000, and to reduce the award to the plaintiff for loss of future earnings from the principal sum from $390,000 to the principal sum of $312,000, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve and file a stipulation is extended until 20 days after service upon him of a copy

of this decision and order, with notice of entry; and it is further,

Ordered that in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from that branch of the defendant's cross motion as was to reduce the damages for loss of future earnings is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff Robert Bolduc brought this action against the defendant Dr. Rashmi Sheth, an orthopedic surgeon who treated him for severe fractures of both legs, alleging that he had become permanently disabled and suffered constant pain as a result of the defendant's negligence. The jury found that the plaintiff suffered damages totalling $1,040,000. The award to the plaintiff was reduced by 25% based on the jury's finding that the plaintiff was himself negligent in failing to wear the leg braces prescribed by the defendant. On appeal, the defendant argues that the damages awarded by the jury for loss of past and future earnings are excessive and against the weight of the evidence and should therefore be reduced. The plaintiff cross-appeals from so much of the judgment as found that 25% of the fault for his injuries is chargeable to him.

It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury *(see, Rodriguez v City of New York,* 191 AD2d 420; *Florsz v Ogruk,* 184 AD2d 546; *Senko v Fonda,* 53 AD2d 638). We conclude that the jury's award for loss of past earnings was supported by a fair interpretation of the evidence *(see, Ames v City of New York,* 177 AD2d 528, 534; *Venable v New York City Tr. Auth.,* 165 AD2d 871; *Nicastro v Park,* 113 AD2d 129), and, accordingly, we do not reduce that award. We find, however, that the jury's award for loss of future earnings was excessive to the extent indicated. We have considered the plaintiff's remaining contention and find it to be without merit. Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.