■ HENRY DOPWELL et al., Respondents, v CITY OF NEW YORK, Appellant. [643 NYS2d 360] —In an action to recover dam-

ages for personal injuries, etc., the defendant appeals from (1) an order of the Supreme Court, Queens County (Kitzes, J.), dated December 20, 1993, which denied its motion to set aside the jury verdict in favor of the plaintiffs as against the weight of the evidence, and (2) a judgment of the same court, dated March 25, 1994, which, upon a jury verdict finding the defendant 100% at fault in the happening of the accident, is in favor of the plaintiff Henry Dopwell and against the defendant in the principal sum of $8,000,000 ($1,000,000 for past pain and suffering and $7,000,000 for future pain and suffering), and is in favor of the plaintiff Rosa Dopwell and against the defendant in the principal sum of $1,500,000 ($500,000 for past pain and suffering and $1,000,000 for future pain and suffering).

Ordered that the appeal from the order is dismissed without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages in favor of Henry Dopwell to the principal sum of $1,250,000 ($750,000 for past pain and suffering and $500,000 for future pain and suffering), and in favor of Rosa Dopwell to the principal sum of $200,000 ($150,000 for past pain and suffering and $50,000 for future pain and suffering), and to the entry of an amended judgment accordingly. In the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The jury verdict on the issue of liability in favor of the plaintiffs is not contrary to the weight of the evidence (*see, Salazar v Fisher,* 147 AD2d 470; *Nicastro v Park,* 113 AD2d 129, 134).

"It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury" (*Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478). However, a new trial may be granted where the award "deviates materially from what would be reasonable compensation"

(CPLR 5501 [c]). We find that the jury verdict deviated materially from what would be reasonable compensation (*see, e.g., Calandrillo v East Nassau Med. Group,* 186 AD2d 703, 704; *Gunder v Murthy,* 185 AD2d 915; *Veneski v City of New York,* 69 AD2d 858).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.