■ JULIE STEINER, Respondent-Appellant, v JOHN C. ENRIGHT et al., Appellants-Respondents. [654 NYS2d 515] —Order unanimously reversed on the law without costs, motion denied

and verdict reinstated. Memorandum: In this personal injury action, plaintiff sought damages for pain and suffering resulting from injuries to her back, neck and jaw sustained in an automobile accident.

The jury awarded plaintiff $5,000 for pain and suffering, which was reduced to $3,000 because of plaintiff's failure to wear a seat belt. Plaintiff moved to set aside the jury verdict on the ground that the jury's award was inadequate and against the weight of the evidence or, in the alternative, requested that Supreme Court enter an order requiring defendants to stipulate to an increase in damages. The court granted plaintiff's motion and ordered a new trial unless defendants stipulated to award $10,000 in damages. That was error.

Although the question whether to set aside a jury verdict is largely within the discretion of the trial court (*see, Micallef v Miehle Co.,* 39 NY2d 376, 381), the court should not "freely interfere with any verdict that is unsatisfactory or with which it disagrees" because "[f]act finding is the province of the jury, not the trial court" (*Nicastro v Park,* 113 AD2d 129, 133). In general, a "jury's verdict should not be set aside as against the weight of [the] evidence unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion * * * or if the verdict is one reasonable persons could have rendered after receiving conflicting evidence" (*Petrovski v Fornes,* 125 AD2d 972, 973 [citations omitted], *lv denied* 69 NY2d 608).

Here, plaintiff admitted that, although one specialist whom she consulted prescribed an anti-inflammatory medication, a muscle relaxant and a cervical collar, and recommended physical therapy, she did not take the medication, wore the cervical collar for only two weeks, and attended two or three physical therapy sessions. Although plaintiff claimed to continue suffering from back and neck pain, she did not return to that specialist for nearly eight months. Plaintiff further admitted that she did not wear the splint prescribed by another specialist who treated her jaw injury. Thus, the jury could have decided that plaintiff's complaints were overstated and that plaintiff refused to follow a prescribed course of treatment that would have alleviated her pain (*see, Florsz v Ogruk,* 184 AD2d 546). Additionally, there was testimony from an expert that, if plaintiff had been wearing her seat belt at the time of the accident, she could have avoided most, if not all, of her injuries. Contrary to plaintiff's assertion, the testimony of the seat belt expert was based on facts in evidence.

Therefore, the jury's award of damages is supported by a fair interpretation of the evidence and does not "deviate * * * materially from what would be reasonable compensation" (CPLR 5501 [c]). (Appeals from Order of Supreme Court, Erie County, Joslin, J.—Set Aside Verdict.) Present—Denman, P. J., Pine, Lawton, Doerr and Balio, JJ.