■ REBECCA SEIDNER, Respondent, v DENISE V. UNGER et al., Appellants, et al., Defendant. [667 NYS2d 384] —In an action to recover damages for personal injuries arising from an automobile accident, the defendants Denise V. Unger and Raymond G. Unger appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated September 10, 1996, which, upon the plaintiff's motion to set aside as inadequate a jury verdict in her favor in the principal sum of $40,000, granted the motion and ordered a new trial on the issue of damages only unless the appellants stipulated to the entry of a judgment in favor of the plaintiff and against them in the principal sum of $95,000.

Ordered that the order is reversed, on the facts and as an exercise of discretion, with costs, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Putnam County, for entry of a judgment in accordance with the jury verdict.

This action arises from an automobile accident in which the plaintiff, a passenger in the defendant's car, received several facial lacerations from flying glass. Though the lacerations were sutured by a plastic surgeon, the plaintiff, 18 years old at the time of the accident, was left with a two-inch scar on her right cheek.

The trial court set aside the $40,000 verdict, stating that it

was inadequate based on the appearance of the scar and the plaintiff's 59-year life expectancy as of the time of trial. However, the defendant produced evidence that the appearance of the scar could be improved by several plastic surgery procedures which the plaintiff has so far declined.

It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury (*see, Bolduc v Sheth,* 208 AD2d 789; *Rodriguez v City of New York,* 191 AD2d 420; *Senko v Fonda,* 53 AD2d 638). On the record before us, the $40,000 awarded by the jury does not "deviate * * * materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Chase v City of New York,* 233 AD2d 474; *Abdulai v Roy,* 232 AD2d 229; *LeBron v Brentwood Union Free School Dist.,* 212 AD2d 512; *Artis v City of New York,* 183 AD2d 685). Therefore, the trial court improperly exercised its discretion in setting aside the verdict as inadequate. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.