■ NERISSA R. VASQUEZ, Appellant, v JACOB JACOBOWITZ et al., Respondents. [726 NYS2d 128] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered April 10, 2000, as, upon a jury verdict, is in her favor and against the defendants in the principal sum of only $15,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This action arises from an automobile accident. After trial, the jury found that the plaintiff sustained damages of $15,000, comprised of $5,000 for past pain and suffering, $5,000 for future medical expenses over a five-year period, and $5,000 for future pain and suffering. The plaintiff contends that the

amounts awarded for past pain and suffering and future medical damages are inadequate.

It is well settled that the amount of damages to be awarded for personal injuries is primarily a question for the jury, and that great deference is given to its interpretation of the evidence and findings of fact that have sufficient support within the credible evidence, even if there is evidence leading to a contrary conclusion (*see, Raucci v City School Dist.,* 203 AD2d 714; *Florsz v Ogruk,* 184 AD2d 546). Testimony was adduced which revealed that the plaintiff did not seek help for her cognitive deficits until four years after the accident. After initial chiropractic treatments, she discontinued those treatments until three years after the accident. In addition, there was evidence submitted from which the jury could have concluded that some of her injuries were preexisting. Under these circumstances, the amounts awarded by the jury did not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Ventriglio v Active Airport Serv.,* 234 AD2d 451; *Florsz v Ogruk, supra*). The fact that the plaintiff's testimony was uncontradicted does not affect the jury's entitlement to weigh and discredit her testimony (*see, White v Rubinstein,* 255 AD2d 378; *Herring v Hayes,* 135 AD2d 684). Further, the jury was free to discredit the uncontradicted medical testimony of her psychologist and plastic surgeon (*see, Galimberti v Carrier Indus.,* 222 AD2d 649; *Topel v Long Is. Jewish Med. Ctr.,* 76 AD2d 862, *affd* 55 NY2d 682).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Goldstein, Luciano and Adams, JJ., concur.