■ RALPH M. THOMPSON, JR., et al., Respondents, v LEBEN HOME FOR ADULTS et al., Appellants. [833 NYS2d 234]—

In an action, inter alia, to recover damages for negligent infliction of emotional distress, the defendants appeal from an order of the Supreme Court, Queens County (Satterfield, J.), entered September 16, 2005, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside, on the ground of inadequacy,

a jury verdict awarding damages in the sum of $2000 per plaintiff, and granted a new trial on damages unless the parties stipulated to increase the award from the principal sum of $2000 per plaintiff to a total principal sum of $250,000.

Ordered that the order is affirmed, with costs.

Ralph M. Thompson, Sr. (hereinafter the decedent), was the son of the plaintiff Adele Davies, and the father of the plaintiffs Ralph M. Thompson, Jr., and Tunicia L. Thompson (hereinafter collectively the plaintiffs). The decedent suffered from mental illness and for much of his adult life, he lived in either Creedmoor Psychiatric Hospital (hereinafter Creedmoor), or in adult care homes. Despite his illness, the decedent's family maintained a close relationship with him. The decedent's son and daughter saw him often, and met with him to go to church, movies, and family events. The decedent's mother lived in Florida, but she maintained a caring relationship with the decedent, the two visiting each other when they could.

The defendant Leben Home for Adults (hereinafter Leben) was an adult care facility which provided inpatient care, and was run by Jacob Rubin (hereinafter Rubin) (Leben and Rubin hereinafter collectively the defendants). At the time of the events set forth below, the decedent resided at Leben, and attended therapy sessions at New York Psychotherapy and Counseling Center (hereinafter New York Psychotherapy).

On August 1, 1997 the decedent attended his therapy sessions at New York Psychotherapy, but his movements afterwards are unclear. On August 2, 1997, at about 4:30 A.M., he was struck and killed by a Long Island Rail Road train. Leben's employee James Korvah did not report the decedent missing until August 7, 1997, and, at that time, reported to the police that he last saw the decedent on August 4, 1997, when, in fact, the decedent had been dead for two days.

The plaintiffs began a search for the decedent which lasted six months, and only ended when the plaintiff Ralph M. Thompson, Jr., accidently saw a photograph of the decedent's body within a pile of photographs on a table at the Missing Person's Bureau. The plaintiffs discovered that the police had misidentified the body, and buried it in Potter's Field.

The plaintiffs brought this action, inter alia, to recover damages for negligent infliction of emotional distress. On a prior appeal, this Court reversed so much of an order of the same court (Kelly, J.), as granted that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging negligent infliction of emotional distress on the ground that the cross motion was untimely (see Thompson v Leben Home for Adults, 17 AD3d 347 [2005]).

A trial was subsequently held and the jury unanimously found the defendants liable for the plaintiffs' emotional distress, and awarded the plaintiffs the principal sum of $2000 each in damages. The plaintiffs moved pursuant to CPLR 4404 (a) to set aside, on the ground of inadequacy, the jury's award of damages. The Supreme Court granted the motion and granted a new trial on damages, unless the defendants stipulated to an increase in the damages award to the total principal sum of $250,000. The defendants appeal contending, inter alia, that the Supreme Court erred in setting aside the jury's award of damages.

Although the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury (*see Vasquez v Jacobowitz*, 284 AD2d 326, 327 [2001]; *Rodriguez v City of New York*, 191 AD2d 420, 421 [1993]; *Florsz v Ogruk*, 184 AD2d 546, 547 [1992]), and the exercise of the discretion of a trial court over damage awards should be exercised sparingly, under the circumstances of this case, the trial court properly set aside the jury's award of damages as inadequate since the award materially deviated from what would be reasonable compensation (*see* CPLR 5501 [c]). Moreover, the total principal sum of $250,000 is not an excessive damages award (*see Duffy v City of New York*, 178 AD2d 370, 371 [1991]).

The defendant's remaining contention is not properly before this Court as it raises an issue not determined in the order appealed from (*see Grossman v Amalgamated Warbasse Houses, Inc.*, 21 AD3d 448 [2005]; *Green v Papathanasopoulos*, 268 AD2d 503, 504 [2000]; *Betke v Archwood Estates*, 266 AD2d 328, 328 [1999]). Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.