■ POPULAR FINANCIAL SERVICES, LLC, Respondent-Appellant, v WAVENEY WILLIAMS et al., Respondents, E-HOME CREDIT CORP., Formerly Known as FHB FUNDING CORP., et al., Appellants-Respondents, et al., Defendants. [855 NYS2d 581]—

In an action to foreclose a mortgage, the defendants E-Home Credit Corp., formerly known as FHB Funding Corp. and Michael Bode appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated September 27, 2006, which, inter alia, denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment on the complaint and dismissing the second and third counterclaims of the defendants Waveney Williams and Rosamund Barclay insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants Waveney Williams and Rosamund Barclay payable by the plaintiff and the defendants E-Home Credit Corp., formerly known as FHB Funding Corp. and Michael Bode.

The plaintiff met its initial burden of establishing its entitlement to a judgment of foreclosure as a matter of law by producing the mortgage, the unpaid note, and evidence of default (*see U.S. Bank Trust N.A. Trustee v Butti,* 16 AD3d 408 [2005]; *Republic Natl. Bank of N.Y. v O'Kane,* 308 AD2d 482 [2003]; *FGH Realty Credit Corp. v VRD Realty Corp.,* 231 AD2d 489, 490 [1996]). However, in opposition, the defendants Waveney Williams and Rosamund Barclay (hereinafter the mortgagors) raised triable issues of fact with respect to their third counterclaim as to whether they were fraudulently induced to enter into the subject mortgage (*see Alvarez v Prospect Hosp.,* 68 NY2d

320, 324 [1986]). Moreover, triable issues of fact exist with respect to the mortgagors' second counterclaim alleging violations of General Business Law § 349 (*cf. New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the mortgagors' second and third counterclaims insofar as asserted against it.

The plaintiff's contention that it was entitled to a judgment of foreclosure against the defaulting defendants, New York City Parking Violations Bureau and New York City Environmental Control Board, was not addressed in the order appealed from and thus is not properly before us (*see Morris v Queens-Long Is. Med. Group, P.C.*, 43 AD3d 394, 395 [2007]; *Thompson v Leben Home for Adults*, 39 AD3d 624, 626 [2007]).

The remaining contentions of the defendants E-Home Credit Corp., formerly known as FHB Funding Corp. and Michael Bode are without merit. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.