(July 15, 2008)

■ AURORA LOAN SERVICES, LLC, Appellant, v TERENCE THOMAS, Respondent, et al., Defendants. [862 NYS2d 89]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated March 27, 2007, which, inter alia, denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant Terence Thomas, and to dismiss that defendant's affirmative defenses and counterclaims.

Ordered that the order is affirmed, with costs.

The defendant Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint), which is not a party to this appeal, loaned the defendant Terence Thomas the sum of $430,000. This loan was secured by two mortgages that Thomas duly executed and delivered to Greenpoint. The first mortgage, in the principal amount of $344,000, was assigned by Greenpoint to the plaintiff, Aurora Loan Services, LLC (hereinafter Aurora).

Aurora established its prima facie entitlement to judgment as a matter of law by submitting the first mortgage, the unpaid note, and evidence of default (see U.S. Bank Trust N.A. Trustee v Butti, 16 AD3d 408 [2005]; Republic Natl. Bank of N.Y. v O'Kane, 308 AD2d 482 [2003]). In opposition, however, Thomas raised triable issues of fact concerning his affirmative defenses and counterclaims alleging fraud, bad faith, and a violation of General Business Law § 349, which precluded the granting of summary judgment to the plaintiff (see Popular Fin. Servs., LLC v Williams, 50 AD3d 660 [2008]; U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez, 49 AD3d 711 [2008]).

Aurora's remaining contentions are without merit. Skelos, J.P., Miller, Carni and Chambers, JJ., concur.