■ MARY A. NAPOLITANO et al., Respondents, v WILLIAM BRANKS, JR., et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Nassau County (Christ, J.), dated August 7, 1987, which is in favor of the plaintiff Mary Anne Napolitano in the principal sum of $50,-000 and is in favor of the plaintiff Jerry Napolitano in the principal sum of $5,000, after a nonjury trial.

Ordered that the judgment is modified, on the facts, and in the exercise of discretion, by reducing the award of damages to Mary Anne Napolitano from the principal sum of $50,000 to the principal sum of $35,000, and reducing the award of damages to Jerry Napolitano from the principal sum of $5,000 to the principal sum of $3,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an amended judgment.

The defendants on appeal contend that the trial court should not have permitted certain medical records of the injured plaintiff, to wit, a physician's office records, to be introduced into evidence since the physician who prepared the records was available and did, in fact, testify at the trial. We disagree. As we declared in *Wilson v Bodian* (130 AD2d 221), a physician's office records are admissible in evidence under the "business record" exception to the hearsay rule *(see,* CPLR 4518). Moreover, these office records may be received as evidence despite the fact that a physician is available to testify

as to the substance and contents of the records *(see, Meisel-man v Crown Hgts. Hosp.,* 285 NY 389).

Similarly unavailing is the defendants' assertion that the court erroneously permitted the plaintiffs to present evidence concerning injuries which were not mentioned in their bill of particulars. The testimony adduced at trial concerning the plaintiff Mary Anne Napolitano's sciatic nerve irritation did not constitute a "new injury" as alleged by the defendants. Rather, the injuries delineated in the verified bill of particulars did encompass the type of nerve damage referred to at the trial.

We find, however, that the damages awarded were excessive to the extent indicated. The record reveals that the plaintiff Mary Anne Napolitano was never hospitalized for her injuries and that she returned to work approximately one month subsequent to the accident and continues to be employed. The judgment is modified accordingly. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.