■ WILLIAM KINSELLA et al., Respondents, v BERLEY REALTY CORPORATION, Defendant and Third-Party Plaintiff. NEW YORK OFFTRACK BETTING CORP., Third-Party Defendant, and EREN CONSTRUCTION CORP., Third-Party Defendant-Appellant. [657 NYS2d 771] —In an action to recover damages for personal injuries, etc., the third-party defendant Eren Construction Corp. appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Golden, J.), entered April 5, 1995, as, upon a jury verdict, awarded the plaintiff William Kinsella the principal sum of $296,210.88.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff William Kinsella was injured when he fell from a scaffold while working as a union apprentice carpenter. The injured plaintiff and his wife commenced this action against the owner of the premises, the defendant, Berley Realty Corporation, which, in turn, commenced a third-party action, against, among others, the appellant.

At trial, the Supreme Court excluded from evidence a certified report of the New York State Department of Labor. We find that the court acted properly since the certified report would have misled and confused the jury (see, People v Scarola, 71 NY2d 769, 777; Barker and Alexander, Evidence in New York State and Federal Courts § 401.1 [b], at 118).

Furthermore, the verdict, which awarded $0 for future pain and suffering and $202,176 for loss of future earnings, is consistent. The jury obviously found that the injured plaintiff could no longer perform the strenuous work of an apprentice carpenter, and, therefore, awarded him an amount comparable to his decreased earning potential.

The appellant's remaining contentions are without merit.

Although not raised as an issue on this appeal, to the extent that the recent amendment to the Workers' Compensation Law, limiting the right of third parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by the employee within the scope of his or her employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment (see, Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; Morales v Gross, 230 AD2d 7). Thompson, J. P., Sullivan, Santucci and McGinity, JJ., concur.