WILLIAM MINSCHER, III, et al., Appellants, v DAVID MCINTYRE, II, et al., Respondents. [717 NYS2d 238] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, *inter alia*, on the ground of inadequacy, from (1) a judgment of the Supreme Court, Westchester County (Barone, J.), entered July 9, 1999, and (2) an amended judgment of the same court, entered August 10, 1999, which, upon a jury verdict on the issue of damages, awarded the plaintiff William Minscher, III, the principal sum of only $58,000 ($33,000 for past medical expenses, $20,000 for past lost earnings, $5,000 for past pain and suffering, and $0 for future medical costs, lost earnings, and pain and suffering), and did not award any damages to the plaintiff Kathy Minscher on her derivative claim.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs contend that the verdict at the damages trial was contrary to the weight of the evidence and that the award deviated materially from what would be reasonable compensa-

tion for the plaintiff William Minscher, III's back and neck injuries. However, through cross-examination and the presentation of evidence, the defense created a case that the injured plaintiff had exaggerated his injuries and that the injuries he complained of may have been preexisting. The plaintiffs were unable to proffer any objective evidence, i.e., X-rays, MRI reports, and bone scans, to prove the nature of the injuries that Minscher sustained as a result of the accident. Thus, the damage award in the principal sum of $58,000 did not deviate materially from what would be reasonable compensation (*see, Ventriglio v Active Airport Serv.,* 234 AD2d 451; *Raucci v City School Dist.,* 203 AD2d 714; *Florsz v Ogruk,* 184 AD2d 546).

There is no reason to disturb the jury's determination not to award damages on the derivative claim. The jury could reasonably have determined that Minscher's injuries did not cause his wife to be deprived of his support, companionship, and services (*see, Molter v Gaffney,* 273 AD2d 773; *Fares v Fox,* 198 AD2d 396).

The plaintiffs' remaining contentions are unpreserved for appellate review or without merit. Friedmann, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.