■ RICHARD BATTS et al., Appellants, v MELISSA RUTRICK et al., Respondents. [748 NYS2d 770] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Seidell, J.), dated April 17, 2001, which denied their motion pursuant to CPLR 4404 to set aside a jury verdict on the issue of damages and for a new trial thereon, and (2) so much of a judgment of the same court, entered July 2, 2001, as, upon the jury verdict, is in favor of them and against the defendants in the principal sum of only $65,000 ($10,000 for past pain and suffering, $15,000 for past lost earnings, $40,000 for lost future earnings, and $0 for future pain and suffering and loss of services).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On February 27, 1997, the injured plaintiff was involved in a motor vehicle accident and sustained neck and back injuries. After trial on the issue of damages, the jury returned a verdict awarding damages for past pain and suffering and past and future lost earnings, but did not award damages for future pain and suffering or loss of services. A medical report from Island Wide Medical Care & Diagnostics, P.C., dated January 17, 1997 (hereinafter the Island Wide report), which indicated that the injured plaintiff had a history of similar complaints of neck and back pain, was admitted into evidence over the plaintiffs' objection. The plaintiffs unsuccessfully moved to set aside the verdict and for a new trial on the issue of damages. The Supreme Court subsequently entered judgment on the verdict. The plaintiffs appeal. We affirm.

At trial, the plaintiffs objected to admission of the Island Wide report on the ground that the defendants had not provided them with notice of it, and now contend that its admission violated CPLR 3101 (d). However, the report was

not the testimony of an expert witness for which notice would have been required under that statute. Rather, as the defendants correctly contend, the Island Wide report was properly admitted as a business record (*see* CPLR 4518 [a]; *Crisci v Sadler,* 253 AD2d 447; *Napolitano v Branks,* 141 AD2d 705).

The verdict awarding damages for future lost earnings but awarding nothing for future pain and suffering is not inconsistent, in that the jury could reasonably have concluded that the injured plaintiff's condition prevented him from performing his strenuous past work as a maintenance worker, but had improved to the extent that it would no longer cause him to experience pain and suffering (*see Gribbon v Missionary Sisters of Sacred Heart,* 244 AD2d 185; *Kinsella v Berley Realty Corp.,* 240 AD2d 374, *cf. Powell v New York City Tr. Auth.,* 186 AD2d 728).

Although the injured plaintiff underwent neck and back surgery after the accident, considering the evidence, inter alia, that he had a preexisting back injury, that his neck injury had generally improved, and that he was maintained on physical therapy, the damage awards for pain and suffering did not deviate materially from what would be reasonable compensation (*see Ventriglio v Active Airport Serv.,* 234 AD2d 451; *see also Minscher v McIntyre,* 277 AD2d 435). Further, although there was evidence that the injured plaintiff could no longer go dancing and that his wife now mows the lawn, the jury could reasonably have concluded that his injuries "did not cause his wife to be deprived of his support, companionship, and services" (*Minscher v McIntyre, supra* at 436).

The remaining damage awards did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.