■ In the Matter of ANTHONY FORTUNATO, Appellant, v KIMBERLY MURRAY, Respondent. [899 NYS2d 283]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Singer, J.), dated November 19, 2008, which denied his objection to an order of the same court (Walsh, S.M.), dated August 8, 2008, which, after a hearing, dismissed, with prejudice, his petition for a downward modification of his child support obligations.

Ordered that the order dated November 19, 2008, is reversed, on the law, without costs or disbursements, the petition is reinstated, and the father's objection is granted to the extent of remitting the matter to the Support Magistrate to make a new determination regarding the admissibility of certain medical documents and, if the documents are found admissible, to make a de novo determination of the father's petition for a downward modification, and the objection is otherwise denied.

The mother and father have four children. In or about March 2005, the parties entered into a stipulation pursuant to which the father agreed to pay approximately $3,500 monthly in child support. In June 2008 the mother filed a petition claiming that the father was willfully in arrears in his child support payments. In July 2008 the father filed a petition for a downward modification of his child support obligations. At a hearing before a Support Magistrate, the father sought to admit certified medical records in support of his contention that he was medically disabled and could not work. The Support Magistrate refused to admit any medical records on the ground that such documents were hearsay. Thereafter, in an order dated August 8, 2008, the Support Magistrate dismissed the father's petition with prejudice.

The father thereafter filed an objection to the Support Magistrate's order on the ground that the Support Magistrate erroneously excluded his medical records from evidence. The Family Court denied the objection, stating, in an order dated November 19, 2008, that "[the father] objects to the Support Magistrate's order on the grounds that the doctor's records dated July 8, 2008, which the Support Magistrate did not allow into evidence should have been admitted into evidence. The Support Magistrate denied petitioner's request based on the fact that the records are hearsay as they deprive respondent of the right to confront the witness. This Court agrees. The [father] refers to CPLR 4518 (a). This section refers to business records, not doctors office records or notes."

Contrary to the Family Court's general statement of the applicable law, "[a] physician's office records, supported by the statutory foundations set forth in CPLR 4518 (a), are admissible in evidence as business records. However, medical reports, as opposed to day-to-day business entries of a treating physician, are not admissible as business records where they contain the doctor's opinion or expert proof" (*Matter of Bronstein-Becher v Becher*, 25 AD3d 796, 797 [2006] [internal quotation marks and citations omitted]; *see Batts v Rutrick*, 298 AD2d 417 [2002]; *Napolitano v Branks*, 141 AD2d 705, 705-706 [1988]). Moreover,

a physician's office records "may be received as evidence despite the fact that a physician is available to testify as to the substance and contents of the records" (*Napolitano v Branks*, 141 AD2d at 705-706; *see Clarke v New York City Tr. Auth.*, 174 AD2d 268 [1992]). Here, upon the father's appeal of the Family Court's order, this Court does not have the benefit of the actual medical documents in dispute since the documents are not part of the original papers before this Court. Thus, from the record, it is unclear whether the subject documents were the type which this Court views as admissible. Accordingly, we remit the matter to the Family Court, Nassau County, for a review by the Support Magistrate of the subject medical documents in light of and pursuant to the aforementioned standard as to admissibility.

In light of our determination, we do not reach the father's remaining contention. Mastro, J.P., Miller, Austin and Roman, JJ., concur.