Morris Dana et al., Appellants, v Allstate New Jersey Insurance Company, Respondent. [913 NYS2d 718]—

In an action, inter alia, to recover damages pursuant to the supplementary underinsured motorist provision of an insurance policy, the plaintiffs appeal from (1) stated portions of an order of the Supreme Court, Kings County (Partnow, J.), dated May 13, 2009, which, among other things, granted the defendant's motion pursuant to CPLR 4404 (a), in effect, to set aside a judgment of the same court entered April 16, 2008, which, upon a special jury verdict, was in favor of the plaintiff Morris Dana and against the defendant in the principal sum of $45,000 and in favor of the plaintiff Susan Dana and against the defendant in the principal sum of $5,000, and for judgment as a matter of law in favor of the defendant, and (2) an amended judgment of the same court entered August 19, 2009, which, upon the order dated May 13, 2009, is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed, and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order dated May 13, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment on August 19, 2009 (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501 [a] [1]).

The plaintiff Morris Dana (hereinafter the plaintiff-driver), a resident of New Jersey, was involved in an accident in Brooklyn when another motorist's vehicle came into contact with the rear end of his vehicle. The plaintiff-driver sued the other motorist for personal injuries and the parties settled for $50,000, an amount which constituted the policy limit of the other motorist's insurance policy.

The plaintiffs thereafter commenced this action to recover damages pursuant to the supplementary underinsured motorist provision of the plaintiff-driver's insurance policy. The Supreme Court, prior to a determination of liability, conducted a trial on the issue of damages sustained by the plaintiffs as a result of the subject accident. The jury, in effect, returned a special verdict (see CPLR 4111 [a]), finding that the plaintiff-driver sustained damages in the sums of $25,000 for past pain and suffering and $20,000 for future pain and suffering, and that the plaintiff Susan Dana sustained damages in the sum of $5,000 for loss of services. Judgment in favor of the plaintiffs and against the defendant in the principal sum of $50,000 was subsequently entered on April 16, 2008.

The defendant, inter alia, moved pursuant to CPLR 4404 (a) to set aside the special jury verdict and the judgment entered April 16, 2008, and for judgment as a matter of law in its favor, on the ground that the full value of the plaintiffs' damages had already been satisfied by a $50,000 payment received under the settlement with the other motorist and, thus, the plaintiffs could not recover under the underinsured motorist provision of the plaintiff-driver's insurance policy. By order dated May 13, 2009, the Supreme Court, among other things, granted the motion. An amended judgment in favor of the defendant and against the plaintiffs dismissing the complaint was entered on August 19, 2009.

The Supreme Court, which properly applied substantive New Jersey law to this action (see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 226 [1993]; Matter of State Farm Mut. Auto. Ins. Co. v Thomas, 75 AD3d 644, 646 [2010]), did not err when it concluded that the plaintiffs were not entitled to recover under the terms of the underinsured motorist provision of the plaintiff-driver's policy since the special verdict, which established the value of the plaintiffs' damages, did not exceed the policy limit of the other motorist's policy (see NJ Stat Ann § 17:28-1.1 [d], [e] [1]; see also Selective Ins. Co. of Am. v Thomas, 179 NJ 616, 620, 847 A2d 578, 581 [2004]; Vassiliu v Daimler Chrysler Corp., 356 NJ Super 447, 457, 813 A2d 547, 554 [2002]; accord Calabrese v Selective Ins. Co. of Am., 297 NJ Super 423, 434, 688 A2d 606, 612 [1997]; Gold v Aetna Life & Cas. Ins. Co., 233 NJ Super 271, 278 n 3, 558 A2d 854, 858 n 3 [1989]). Contrary to the plaintiffs' contention, under the circumstances, the special jury verdict finding that the plaintiff-driver sustained damages in the sums of $25,000 for past pain and suffering and $20,000 for future pain and suffering was not inadequate (see Handwerker

*v Dominick L. Cervi, Inc.*, 57 AD3d 615, 615-616 [2008]; *Batts v Rutrick*, 298 AD2d 417, 418 [2002]; *accord Obdulio v Fabian*, 33 AD3d 418, 418-419 [2006]). Furthermore, since the defendant established that the plaintiffs were not entitled to receive benefits under the underinsured motorist provision of the plaintiff-driver's policy, the Supreme Court properly determined that the plaintiffs could not establish that the defendant acted in bad faith on the ground that "no debatable reasons existed for denial of [those] benefits" (*Pickett v Lloyd's*, 131 NJ 457, 481, 621 A2d 445, 457 [1993]; *see American Wrecking Corp. v Burlington Ins. Co.*, 400 NJ Super 276, 285 n 2, 946 A2d 1084, 1090 n 2 [2008]; *M & B Apts., Inc. v Teltser*, 328 NJ Super 265, 273-274, 745 A2d 586, 591-592 [2000]).

The plaintiffs' remaining contentions are without merit or need not be reached in light of our determination. Florio, J.P., Dickerson, Belen and Austin, JJ., concur.