■ In the Matter of AIU INSURANCE COMPANY, Appellant, v DELROY HIBBERT et al., Respondents. [924 NYS2d 565]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an underinsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered June 7, 2010, as denied that branch of its petition to which was to permanently stay arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is granted.

On January 31, 2004, the respondents were involved in an automobile accident when the vehicle in which they were traveling was struck in the rear by a motor vehicle, which was propelled into the respondents' vehicle by a vehicle insured by nonparty Travelers Insurance Company (hereinafter Travelers).

The respondents' vehicle was insured under a policy of insurance issued by the petitioner AIU Insurance Company (hereinafter AIU) to the respondent Delroy Hibbert. The other passengers in the insured vehicle at the time of the accident, which includes two of the other respondents, were considered "insured" persons under the provisions of the AIU policy.

Travelers, as the tortfeasor's insurer, paid $15,000 to respondent Gina Stewart, $5,000 to the respondent Delroy Hibbert,

and $5,000 to the respondent Phyllis Hibbert. It also paid $25,000 to another passenger in the insured vehicle, nonparty Sharon Stewart, exhausting its bodily injury liability coverage of $50,000.

Subsequently, the respondents made a demand for arbitration of their claims under the AIU policy's endorsement for supplementary uninsured/underinsured motorist (hereinafter SUM) benefits in the total sum of $50,000. The AIU policy was underwritten with SUM benefits in the amount of $25,000 per person and $50,000 per accident, which was equal to its bodily injury liability limits.

AIU filed a petition which sought, in part, to permanently stay the arbitration. The Supreme Court denied that branch of AIU's petition seeking to stay the arbitration. We reverse.

Since the AIU policy had identical bodily injury liability policy limits as the Travelers policy issued to the tortfeasor, the tortfeasor's vehicle was not underinsured (*see* Insurance Law § 3420 [f] [2] [A]; *Matter of Allstate Ins. Co. v Rivera*, 12 NY3d 602, 607-608 [2009]; *Matter of Prudential Prop. & Cas. Co. v Szeli*, 83 NY2d 681, 684 [1994]). Payment by Travelers to the other passenger in the insured vehicle in the amount of $25,000 did not render the tortfeasor's vehicle "underinsured" for the purpose of triggering the AIU SUM endorsement since the other passenger was also an "insured" under the AIU policy and not an "other person" (11 NYCRR 60-2.3 [f]; *Matter of Allstate Ins. Co. v Rivera*, 12 NY3d at 609-610). Therefore, AIU correctly contends that the Travelers bodily injury policy limits were equal to its own since it did not have to reduce the Travelers policy limits by payments made on behalf of the tortfeasor to any of the occupants in the AIU insured vehicle (*see Matter of Allstate Ins. Co. v Rivera*, 12 NY3d at 610).

Moreover, AIU was entitled to offset the $50,000 received by its insureds from Travelers against its own SUM limits, thereby precluding any recovery under the SUM endorsement (*see* 11 NYCRR 60-2.1 [c]). Rivera, J.P., Skelos, Florio and Austin, JJ., concur.