In the Matter of ANTHONY T. FORTUNATO, Appellant, v KIMBERLE A. MURRAY, Respondent. [955 NYS2d 206]—

In July 2008, the father filed a petition seeking a downward modification of his child support obligations based upon, inter alia, an alleged injury which hindered his ability to work. During a hearing of the matter before Support Magistrate Kathleen Walsh, the father sought to admit certain medical documents, which the Support Magistrate declined to admit into evidence on the basis that the documents constituted hearsay. In an order dated August 8, 2008, the Support Magistrate dismissed the father's petition, with prejudice.

The father filed an objection to the Support Magistrate's August 2008 order. By order dated November 19, 2008, the Family Court denied the objection, determining that the medical documents did not fall under the business records exception to the hearsay rule. The father appealed from the Family Court's order dated November 19, 2008. In a decision and order dated

April 13, 2010, this Court stated, inter alia, that a physician's office records consisting of day-to-day business entries, supported by a proper foundation, are admissible as an exception to the hearsay rule, as opposed to medical reports containing a physician's opinion, which are not admissible (*see Matter of Fortunato v Murray*, 72 AD3d 817 [2010]). However, since the father did not reproduce the medical documents in the record on appeal, this Court could not make a determination as to whether the medical documents in dispute were of the type which are admissible as business records (*see id.* at 819). As a result, this Court, inter alia, remitted the matter to the Support Magistrate for a review of the subject medical documents in light of this Court's discussion of admissibility.

In July 2010, the father was notified that the Clerk's Office of the Family Court had destroyed the medical documentation which had been subpoenaed by the father for the first hearing. Consequently, the father subpoenaed the medical documentation again from the same physician and sought to admit it into evidence at a hearing before Support Magistrate Penelope B. Cahn. In an order dated October 1, 2010, the Support Magistrate determined that, since it was impossible to review the exact medical documentation which was the subject of the April 2010 order from this Court because that documentation had been destroyed and she could not discern whether the re-subpoenaed documentation was a duplicate of the documentation originally offered into evidence during the first hearing before the previous Support Magistrate, she could not determine the admissibility of the documentation in accordance with this Court's April 2010 order. The father filed an objection to the Support Magistrate's October 2010 order. By order dated December 15, 2010, the Family Court granted the father's objection and remitted the matter to Support Magistrate Neil T. Miller for disposition, inter alia, in accordance with this Court's April 2010 order.

Thereafter, Support Magistrate Miller reviewed the medical documentation which had been produced by the father's physician in response to another subpoena. By order dated March 21, 2011, the Support Magistrate determined the medical documentation to be inadmissible, on the basis that the accompanying certification did not make it clear that these documents were the same documents that had been previously produced in response to the first subpoena. In addition, the Support Magistrate determined, inter alia, that the documents received from the father's physician in response to the father's subpoena were inadmissible because certain entries were illegible, some docu-

ments post-dated the date of the original hearing, and some documents were from other medical service providers. Consequently, the Support Magistrate dismissed the petition, without prejudice. The father filed an objection to so much of the Support Magistrate's March 2011 order as, after a hearing, determined the subject medical documentation to be inadmissible and, thereupon, dismissed the petition.

On August 11, 2011, the Family Court denied the father's objection to the Support Magistrate's March 21, 2011, order. The father appeals.

Contrary to the Support Magistrate's reasoning, since the original documents were destroyed by the Family Court through no fault of the father, and since the father subpoenaed the documents from the same physician, there was no basis to exclude the documents on the ground that the attached certification failed to clarify whether the newly subpoenaed documents were exact duplicates of those previously offered into evidence. The issue to be decided by the Support Magistrate is not whether the father can prove that the documents produced by his physician pursuant to the most recent subpoena are exactly the same documents which had initially been subpoenaed for the first hearing, but whether the documents currently before the Family Court are admissible, in whole or in part. There may, however, be other valid bases for excluding or redacting portions of those newly subpoenaed medical documents, such as some of the documents being medical reports and not medical records, certain medical records pre-dating the accident referred to in the petition, or certain medical records post-dating the original hearing (*see Matter of Perrego v Perrego*, 63 AD3d 1072 [2009]; *Montes v New York City Tr. Auth.*, 46 AD3d 121 [2007]).

With respect to those documents which are found to be medical records, if any portion of a record is deemed illegible, the medical record as a whole is not inadmissible. Rather, only those entries or notations within the record that are illegible should be deemed inadmissible (*see Wilson v Bodian*, 130 AD2d 221, 232 [1987]).

Accordingly, we reverse the order dated August 11, 2011, vacate the order dated March 21, 2011, reinstate the petition, grant the father's objection, and remit the matter to the Family Court, Nassau County, for a new determination of the admissibility of the subject medical documents and, thereafter, a new determination of the petition. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.