■ In the Matter of UNITRIN DIRECT/WARNER INSURANCE COMPANY, Respondent, v JOSEPH BRAND, Appellant. [993 NYS2d 37]—

In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of a claim for supplementary uninsured/underinsured motorist benefits, Joseph Brand appeals from an order of the Supreme Court, Nassau County (Diamond, J.), dated November 15, 2012, which granted the petition.

Ordered that the order is affirmed, with costs.

On October 17, 2011, Joseph Brand was operating a bicycle on Rockley Boulevard in Sarasota, Florida, when he was struck by a motor vehicle owned and operated by Thomas Collins. Brand sustained multiple serious injuries. Collins is a resident of Florida and his motor vehicle is registered in Florida. Brand is a resident of New York.

At the time of the accident, Collins maintained automobile liability insurance in Florida with Allstate Insurance Company with liability limits for bodily injury in the amount of $100,000 per person/$300,000 per occurrence and supplementary uninsured/underinsured motorist (hereinafter SUM) coverage for bodily injury in the amount of $100,000 per person/$300,000 per occurrence. Allstate tendered the bodily injury policy limit in the amount of $100,000 in settlement of Brand's claim.

At the time of the accident, Brand maintained automobile insurance coverage with the petitioner Unitrin Direct/Warner Insurance Company (hereinafter Unitrin) with policy limits for bodily injury also of $100,000 per person/$300,000 per occurrence and SUM coverage for bodily injury also of $100,000 per person/$300,000 per occurrence. Brand claimed that his injuries exceeded the limits of Collins' policy, and demanded from the American Arbitration Association in New York arbitration of a claim for SUM benefits under his Unitrin policy. In response to Brand's demand for arbitration, Unitrin moved for a permanent stay of arbitration on the ground that the SUM coverage was not triggered under New York law because the offending vehicle was not underinsured since Collins' bodily injury liability coverage under the Allstate policy equaled Brand's bodily injury liability coverage under the Unitrin policy. Unitrin argues that the "center of gravity"/"grouping of contacts" analysis demonstrates that New York is the forum that has the most significant contact to the dispute such that New York law should govern this matter. Brand contends, however, that under the "center of gravity"/"grouping of contacts" analysis, Florida law should control.

It is undisputed that this conflict of law question, although arising in the context of a motor vehicle accident, must be resolved by the conflict of law rules relevant to contracts, not

torts (see *Matter of Eagle Ins. Co. v Singletary*, 279 AD2d 56 [2000]). Generally, "the courts apply the more flexible 'center of gravity' or 'grouping of contacts' inquiry, which permits consideration of the 'spectrum of significant contacts' in order to determine which State has the most significant contacts to the particular contract dispute" (*id.* at 58-59, quoting *Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 226 [1993]). "In general, significant contacts in a case involving contracts, in addition to the place of contracting, are the place of negotiation and performance, the location of the subject matter of the contract, and the domicile or place of business of the contracting parties" (*id.* at 59). As to insurance contracts specifically, significance has been attached to the " 'local law of the state which the parties understood was to be the principal location of the insured risk . . . unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 [of the Restatement] to the transaction and the parties' " (*Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 318 [1994], quoting Restatement [Second] of Conflict of Laws § 193). In the case of a noncommercial vehicle, which is by its nature mobile, the principal location of the insured risk is the place where the vehicle is to be principally garaged (*Matter of Eagle Ins. Co. v Singletary*, 279 AD2d at 59).

Here, as the Supreme Court correctly noted, the insurance contract at issue was written to conform to the laws, rules and regulations of New York State, and was obtained in New York by Brand, a New York resident, from an insurance company doing business in New York. Furthermore, Brand served the demand for SUM arbitration upon the American Arbitration Association in New York. Applying the grouping of contacts inquiry to these facts, New York has the most significant contacts with the parties and the contract. Indeed, such a conclusion would be in conformity with the reasonable expectations of the contracting parties.

Brand's reliance on Florida as the situs of the accident confuses the contacts that might be significant in a tort case with those that are material in a contract dispute (see *Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219 [1993]). New York law applies herein.

Under New York law, SUM coverage is only triggered where the bodily injury liability insurance limits of the policy covering the tortfeasor's vehicle are less than the liability limits of the policy under which a party is seeking SUM benefits (see Insurance Law § 3420 [f] [2] [A]; *Matter of Allstate Ins. Co. v Rivera*,

12 NY3d 602, 607-608 [2009]; *Matter of AIU Ins. Co. v Hibbert*, 85 AD3d 779 [2011]). Here, Collins' Allstate policy limits for bodily injury were identical to Brand's Unitrin policy limits for bodily injury. Hence, Collins does not qualify as an underinsured driver.

Accordingly, the Supreme Court properly granted the petitioner's application to permanently stay arbitration of a claim for SUM benefits.

Brand's contention that Unitrin's payment of first party benefits constituted an agreement that Florida law controls is without merit, as Unitrin's payment of first party benefits in the first instance was required pursuant to 11 NYCRR 65-3.12 (a) (3) and (b). To the extent there was a dispute between Unitrin and Allstate as to the priority of first party benefits, that is a matter to be resolved between the insurers (*see* Insurance Law § 5105; 11 NYCRR 65-3.12 [b]; 65-4.11).

Brand's remaining contentions are without merit. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.