Jennings v Domagala (2018 NY Slip Op 08882)





Jennings v Domagala


2018 NY Slip Op 08882


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1463 CA 18-00089

[*1]HELENE KIM JENNINGS, FORMERLY KNOWN AS HELENE KIM DOMAGALA, PLAINTIFF-RESPONDENT,
v
MICHAEL BRIAN DOMAGALA, DEFENDANT-APPELLANT. 






JASON R. DIPASQUALE, BUFFALO, FOR DEFENDANT-APPELLANT. 
ASHLEA L. PALLADINO, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Niagara County (Mark A. Montour, J.), entered April 6, 2017. The order, insofar as appealed from, ordered defendant to pay child support to plaintiff. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the award of child support is vacated, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: As limited by his brief, defendant appeals from that part of an order that granted plaintiff's motion insofar as it sought an upward modification of defendant's child support obligation. Pursuant to the terms of a separation agreement that was incorporated but not merged into the judgment of divorce, the parties agreed to joint legal and shared physical custody of their child, and they agreed to opt out of the Child Support Standards Act requirements by waiving any obligation to pay child support to each other. In plaintiff's motion, she alleged that she was no longer able to work due to injuries she sustained in an automobile accident and sought, among other things, child support from defendant. At the hearing on plaintiff's motion, Supreme Court, over defendant's objection, admitted in evidence two documents prepared by plaintiff's physician to show that plaintiff was temporarily totally disabled. That was error. Plaintiff failed to lay a proper foundation for the admission of those documents (see generally CPLR 4518 [a]; Matter of Fortunato v Murray, 72 AD3d 817, 818 [2d Dept 2010]; Wilson v Bodian, 130 AD2d 221, 231 [2d Dept 1987]). Without those documents, plaintiff failed to meet her burden of establishing a substantial change in circumstances sufficient to warrant an upward modification of child support inasmuch as she " did not provide competent medical evidence of [her] disability or establish that [her] alleged disability rendered [her] unable to work' " (Matter of Kelley v Holmes, 151 AD3d 1704, 1704 [4th Dept 2017], lv denied 30 NY3d 904 [2017]; see Mancuso v Mancuso, 134 AD3d 1421, 1421-1422 [4th Dept 2015]). We therefore reverse the order insofar as appealed from, vacate the award of child support, and remit the matter to Supreme Court for a new hearing on that part of plaintiff's motion seeking an upward modification of child support.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court