Imbriale v Travelers Commercial Ins. Co. (2022 NY Slip Op 03103)

Imbriale v Travelers Commercial Ins. Co.

2022 NY Slip Op 03103

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-09830
 (Index No. 619186/16)

[*1]Christy Drake Imbriale, appellant, 
v
Travelers Commercial Insurance Company, respondent.

Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., New York, NY (Lawrence M. Simon and Stacy N. Baden of counsel), for appellant.
Tina Newsome-Lee, Melville, NY (Arvind Purohit and Anne Marlow-Moran of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of an insurance policy, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated March 12, 2018. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On December 1, 2013, the plaintiff allegedly was injured when a vehicle in which she was a passenger was involved in an accident in Suffolk County with a vehicle owned by nonparty Edwich Jasmin and operated by nonparty Prince Edwich Jasmin (hereinafter together the Jasmins). In 2014, she commenced a personal injury action against the Jasmins. Subsequently, the Jasmins' insurer, Government Employees Insurance Company, tendered $25,000, the policy limit under the Jasmins' policy, to settle the plaintiff's claims, and the plaintiff executed a general release of her claims against the Jasmins.
In 2016, the plaintiff commenced this action against the defendant to recover damages for breach of an automobile insurance policy issued to her in Georgia, alleging that the defendant breached the policy by failing to make payment on her claim under an uninsured motorists (hereinafter UM) endorsement to the policy in connection with the subject accident. After issue was joined, the defendant moved, inter alia, for summary judgment dismissing the complaint, contending, among other things, that the plaintiff was not entitled to recover UM benefits because she executed the general release. In an order dated March 12, 2018, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The plaintiff appeals.
The Supreme Court, which properly applied substantive Georgia law to this action (see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 226; Dana v Allstate N.J. Ins. Co., 79 AD3d 791, 792; Matter of State Farm Mut. Auto. Ins. Co. v Thomas, 75 AD3d 644, 646; cf. Matter of Unitrin Direct/Warner Ins. Co. v Brand, 120 AD3d 698, 700), correctly determined that the plaintiff was not entitled to recover under the UM endorsement to the [*2]policy because she executed the general release of her claims against the Jasmins. In Georgia, a claimant who settles with a tortfeasor must execute a limited release pursuant to Ga Code Ann § 33-24-41.1 to preserve the claimant's pending claim for UM benefits against his or her insurer, and "[a] claimant who executes a general release of the tortfeasor cannot recover UM benefits" (Newstrom v Auto-Owners Ins. Co., 343 Ga App 576, 579, 807 SE2d 501, 504 [Ga Ct App]; see Rodgers v St. Paul Fire & Marine Ins. Co., 228 Ga App 499, 500-501, 492 SE2d 268, 269-270 [Ga Ct App]; see also Ramos-Silva v State Farm Mut. Ins. Co., 300 Ga App 699, 701-702, 686 SE2d 345, 347-348 [Ga Ct App]). In opposition to the defendant's prima facie showing of its entitlement to judgment as a matter of law based on the general release, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court