Matter of State Farm Mut. Auto. Ins. Co. v Diaz (2024 NY Slip Op 00078)

Matter of State Farm Mut. Auto. Ins. Co. v Diaz

2024 NY Slip Op 00078

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2021-05173
 (Index No. 709181/21)

[*1]In the Matter of State Farm Mutual Automobile Insurance Company, respondent, 
v
Valentin Diaz, etc., et al., appellants.

Cellino Law, Garden City, NY (John E. Lavelle and Joshua Sandberg of counsel), for appellants.
James F. Butler (Saretsky Katz & Dranoff, LLP, Elmsford, NY [Matthew R. Hughes], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of claims for supplemental underinsured motorist benefits, Valentin Diaz and Catalina Olivares appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered July 15, 2021. The order granted the petition.
ORDERED that the order is affirmed, with costs.
On August 20, 2019, the appellants were involved in an automobile accident with a motor vehicle insured by Allstate Insurance Company (hereinafter Allstate), with liability limits for bodily injury in the amount of $25,000 per person/$50,000 per accident. It is not disputed that Allstate tendered the bodily injury policy limit in the amount of $50,000 in settlement of the appellants' claim.
At the time of the accident, the appellants had their own automobile insurance policy, which included a supplementary underinsured motorist (hereinafter SUM) endorsement, issued by the petitioner, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). The State Farm policy had coverage for bodily injury in the amount of $25,000 per person/$50,000 per accident and SUM coverage for bodily injury in the amount of $25,000 per person/$50,000 per accident.
The appellants made a demand for arbitration of their claims for SUM benefits under the State Farm policy. Thereafter, State Farm commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of those claims for SUM benefits. The Supreme Court granted the petition.
"Under New York law, SUM coverage is only triggered where the bodily injury liability insurance limits of the policy covering the tortfeasor's vehicle are less than the liability limits of the policy under which a party is seeking SUM benefits" (Matter of Unitrin Direct/Warner Ins. Co. v Brand, 120 AD3d 698, 700; see Insurance Law § 3420[f][2][A]; Matter of Allstate Ins. [*2]Co. v Rivera, 12 NY3d 602, 607-608; Matter of AIU Ins. Co. v Hibbert, 85 AD3d 779, 780). Here, the bodily injury liability insurance coverage limits provided under the Allstate policy were equal to the bodily injury liability limits of the State Farm policy (see Matter of Allstate Ins. Co. v Rivera, 12 NY3d at 611). Thus, SUM coverage was not triggered (see id. at 606, 611).
The appellants' remaining contention is without merit.
Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration of the claims for SUM benefits.
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court